5

(SPACE BELOW FOR FILING STAMP ONLY)

WALTER WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Michael L. Wilhelm #101495
Matthew P. Bunting #306034
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:    (559) 435-9800
Facsimile:    (559) 435-9868
E-mail:    rileywalter@W2LG.com

Attorneys for Debtor in Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re | CASE NO.  18-11651 |
| GREGORY JOHN TE VELDE, | DC No.: WW-1 |
| Debtor in Possession. | Chapter 11 |
| Tax ID #:    xxx-xx-7505<br>Address:    5850 Avenue 160<br>Tipton, CA 93272 | Date:    May 8, 2018<br>Time:    1:30 p.m.<br>Place:    2500 Tulare Street<br>Fresno, CA 93721<br>Courtroom 11<br>Judge:    Honorable Fredrick E. Clement |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONTINUED AUTHORITY TO USE OF CASH COLLATERAL AND TO BORROW MONEY ON A SECURED BASIS**

Gregory John te Velde (hereinafter "Debtor") hereby submits this Memorandum of Points and Authorities in Support of the Motion for Continued Authority to Use of Cash Collateral and to Borrow Money on a Secured Basis (the "Motion").  In support of the Motion, the Debtor respectfully represents as follows:

///

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR CONTINUED AUTHORITY TO
USE CASH COLLATERAL, ETC.                          -1-          M:\S-U\te Velde\Pleadings\WW-1  Motion for
Use of Cash Collateral\brief.050218.gaa.docx

## I.

## STATEMENT OF FACTS

1.      The basic facts pertinent to this Motion are contained in the Declaration of Gregory John te Velde, filed concurrently herein.

2.      The Secured Creditors asserting security interests in the cash collateral are Rabobank, N. A.; J. D. Heiskell; Barton Laser Leveling, Inc.; Custom Feed Services, LLC; Western Ag Improvements, Inc.; Medelez, Incorporated; Cold Springs Veterinary Services, Inc.; Scott Harvesting, LLC; Wyatt Enterprises LLC; Dynes Enterprises LLC; Solesco LLC; 3D Idapro Solutions, LLC; Jenk Farms ("Secured Creditors"). [1]

3.      The Petition was filed on April 26, 2018.  The Schedules and Statement of Affairs have not been filed.

4.      Attached to the Declaration of Gregory John te Velde is an Emergency Budget showing expected revenues and emergency cash collateral needs.  By this Motion authority is sought to use cash collateral for period through June 16, 2018 in the amounts shown on the Budget.

5.      Debtor's business is premised upon being able to milk and cull cows and grow feedstuffs. If Debtor does not have use of cash collateral, much of which goes for feed, payroll and payroll related items, he will be unable to pay his employees and they will cease work which will result in the demise of the businesses.  The primary collateral consists of the Debtor's livestock, requiring daily care and milking. The cash collateral to be used consists of milk sale receipts and cull proceeds.

6.      Without use of cash collateral Debtor will be unable to buy feed, pay his insurance, farming expenses, fuel, rent, utilities or pay his employees and will have to cease operations.

7.      By the Motion, Debtor seeks authority to use cash collateral.  Debtor seeks

---

[1]  See Exhibit C for a listing of each ASL asserted by Debtor's Oregon creditors. Several of these asserted liens are disputed as to such things as amount, perfection, timeliness and as to the nature of the form products subject to attachment. Jenk Farms has been paid and released its ASL.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR CONTINUED AUTHORITY TO
USE CASH COLLATERAL, ETC.

M:\S-U\te Velde\Pleadings\WW-1  Motion for
Use of Cash Collateral\brief.050218.gaa.docx

authority to use the cash collateral to provide the funding needed to operate and maintain his business and pay critical expenses during the pendency of the Chapter 11 case. In order to maintain and preserve the going concern value of the Debtor's business, it is critical that there be no disruption in Debtor's operations. Debtor has been unable to obtain financing with unsecured credit pursuant to Bankruptcy Code Section 364(a) or (b) allowed as an administrative expense under Bankruptcy Code Sections 503(b)(1) or, secured credit pursuant to Bankruptcy Code Section 364(c), or on more favorable terms from any other sources. His efforts to borrow from several sources on equal or better terms have not been successful.

8.　　Denial of the cash collateral motion does not benefit any creditor constituency but would cause significant harm to the Debtor's business operations.

9.　　Debtor requests that the Court authorize use of cash collateral for the Subject Period, which funds constitute claimed cash collateral of the Secured Creditors, to purchase feed, materials, pay employees, operate, and otherwise continue business operations as set forth on the Budget.

10.　　Pursuant to Bankruptcy Code §§ 361 and 363, as adequate protection for any decline in value of the Secured Creditors' collateral resulting from such use, Debtor will provide the Secured Creditors with a replacement lien on collateral of a like kind.

11.　　By this Motion, Debtor seeks to grant replacement liens to the extent cash collateral is actually used. Debtor is unaware of any other creditors having liens or security interests in the subject cash collateral, however, Debtor seeks authority to use collateral of any such creditor, if any, provided the creditor was served with notice of this Motion. Debtor alleges that the requested use of cash collateral is for and in the best interests of the estate.

12.　　The Budget may include a carve out for administrative claimants and professionals.

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR CONTINUED AUTHORITY TO
USE CASH COLLATERAL, ETC.　　　　-3-　　　　M:\S-U\te Velde\Pleadings\WW-1 Motion for
Use of Cash Collateral\brief.050218.gaa.docx

## II.

## DISCUSSION

13.     The Debtor's use of property of the Chapter 11 bankruptcy estate is governed by Section 363 of the Bankruptcy Code.  Section 363(c)(1) provides in relevant part:

> "If the business of the Debtor is authorized to be operated under section ... 1108 ...  of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale, use or lease of property of the estate, in the ordinary course of business, without notice and a hearing, and may use property of the estate in the ordinary course of business without notice of a hearing."

14.     Section 363(c)(2) establishes a special requirement, however, for the use of cash collateral. Cash collateral is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest...." 11 USC § 363(a). Section 363 (c)(2) permits use of cash collateral under subsection (c)(1) only if one of two alternative circumstances exist:

> (A)     each entity that has an interest in such cash collateral consents;
>
>              or
>
> (B)     the court, after notice and a hearing, authorizes such use, sale,  or
>              lease in accordance with the provisions of this section."

In accordance with FRBP 4001(d)(1) and 7004, the Debtor has served the Motion on the secured creditors, the 20 largest unsecured creditors and the U.S. Trustee's Office. Under the circumstances, it is submitted that the notice with respect to this emergency Motion is proper, and the Court should approve the requested use of cash collateral and set a further hearing on future uses of cash collateral.

///

///

## III.

## CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that this Court enter an order (i) approving the interim use of cash collateral at the hearing; (ii) authorizing the use of cash collateral on terms prescribed by the Court; (iii) setting a further hearing or uses of cash collateral and (vi) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: May 2, 2018                 WALTER WILHELM LAW GROUP,
                                   A Professional Corporation


                                   By: Riley C. Walter
                                       Riley C. Walter,
                                       Attorneys for Debtor in Possession

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR CONTINUED AUTHORITY TO
USE CASH COLLATERAL, ETC.          -5-          M:\S-U\te Velde\Pleadings\WW-1 Motion for
Use of Cash Collateral\brief.050218.gaa.docx