No. of Pages 22

JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310)
*rrogan@jmbm.com*
BENNETT G. YOUNG (Bar No. 106504)
*byoung@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

Attorneys for Secured Creditor Rabobank, N.A.

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 18:11651-A-11 |
| GREGORY JOHN TE VELDE, | Chapter 11 |
| Debtors. | **DCN:**    **RAR-1** |
| | Date:    May 1, 2018 |
| | Time:    9:00 a.m. |
| | Place:    2500 Tulare Street |
| |         Fresno, CA 93721 |
| | Dept:    Courtroom 11, Dept. A |
| | Judge    Hon. Frederick E. Clement |

### NOTICE OF FILING OF COPIES OF RECEIVERSHIP ORDERS

Attached as Exhibits 1, 2 and 3 are copies of the Orders that were entered by the California Superior Court and the Oregon Circuit Court appointing Don Howell as receiver for the debtor.

DATED:  May 2, 2018

                 JEFFER MANGELS BUTLER & MITCHELL LLP
                 RICHARD A. ROGAN
                 BENNETT G. YOUNG
                 By:       */s/ Richard A Rogan*
                             RICHARD A. ROGAN
                  Attorneys for Secured Creditor Rabobank, N.A.

61978527v1

**Exhibit 1**

JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310)
*rrogan@jmbm.com*
BENNETT G. YOUNG (Bar No. 106504)
*byoung@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

Attorneys for Plaintiff Rabobank, N.A.

FILED

FEB 22 2018

FRESNO COUNTY SUPERIOR COURT
By_____
DEPT. 502

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF FRESNO

| | |
|---|---|
| RABOBANK, N.A., a national banking association,<br><br>     Plaintiff,<br><br>     v.<br><br>GREGORY JOHN TE VELDE, an individual; PACIFIC RIM DAIRY, a California general partnership; and DOES 1 through 30, inclusive,<br><br>     Defendants. | Case No. 18CECG00437<br><br>**[PROPOSED] ORDER APPOINTING RECEIVER EX PARTE; TEMPORARY RESTRAINING ORDER; AND ORDER TO SHOW CAUSE RE CONFIRMATION OF RECEIVER AND PRELIMINARY INJUNCTION**<br><br>Date:          February 15 2018<br>Time:          3:30 p.m.<br>Dept:          502<br>Place:          1130 "O" Street<br>                    Fresno, CA<br>Judge:          Hon. Donald Black<br><br>Action Filed:          February 5, 2018 |

Upon review of the Verified Complaint for Specific Performance, Appointment of

Receiver, Temporary Restraining Order and Injunction (the "Complaint") filed herein by Plaintiff

Rabobank, N.A. ("Rabobank"), the Ex Parte Application for Immediate Appointment of Receiver;

on in the Alternative, for Order to Show Cause re: Appointment of Receiver; and for Temporary

Restraining Order (the "Application"), the Declarations of Nicola Merrifield-Olivia, Donald G.

Howell and Richard A. Rogan in support of the Application, and good cause appearing for the ex

parte appointment of a receiver and the issuance of a temporary restraining order in this action,

and subject to the filing of a bond by Rabobank in the amount of $1,000.00, pursuant to Section

566(b) of the California Code of Civil Procedure:

## ORDER APPOINTING RECEIVER

1      IT IS HEREBY ORDERED that DONALD G. HOWELL, 18489 Avenue 16-1/2, Madera,

2  California 93637, be and hereby is appointed receiver (in such capacity, the "Receiver") in this

3  Action over the Dairies and the Collateral (as defined herein), on condition that before entering

4  upon his duties as Receiver, he shall take the Oath and file a bond with a surety thereon approved

5  by this Court in the sum of $50,000.00 to secure the faithful performance of his duties as Receiver.

6      IT IS FURTHER ORDERED that the Receiver shall have the following powers and

7  responsibilities:

8      1.    That the Receiver be authorized and directed to take possession and control of the

9  three dairies that are owned and operated by Defendant Gregory John te Velde ("te Velde"):  (1)

10  GJ te Velde Ranch, located near Tipton, in Tulare County, California, which has approximately

11  4,671 milk cows and 6,340 other head of livestock; (2) Pacific Rim Dairy, located near Corcoran,

12  in Tulare County, California, which has approximately 10,372 milk cows and 13,851 other head of

13  livestock; and (3) Lost Valley Farm, located near Boardman, Morrow County, Oregon which has

14  approximately 8,915 milk cows and 8,440 other head of livestock (collectively, the "Dairies");

15      2. .    That the Receiver be authorized and directed to take possession and control of the

16  personal property collateral of Rabobank that is located on and used by the Dairies and more

17  particularly described in the Amended and Restated Security Agreement dated as of April 13,

18  2016 (the "Personal Property Collateral");

19      3.    That the Receiver be authorized and directed to take possession and control of the

20  real property described in the Second Deed of Trust, more commonly known as the GJ te Velde

21  Ranch (the "Real Property Collateral");

22      4.    That each of Defendants te Velde and Pacific Rim Dairy, a general partnership

23  (collectively, "Defendants"), and anyone holding under any of Defendants, be ordered to deliver

24  possession of the Dairies, the Personal Property Collateral and the Real Property Collateral

25  (collectively, the "Collateral") to the Receiver forthwith;

26      5.    That the Receiver, after taking possession of the Collateral, be permitted to do the

27  following:

1      a.    To enter, gain access to and take possession of the Dairies, the Personal

2   Property Collateral, and of the Real Property Collateral; to exclude any or all of Defendants or

3   anyone claiming under or through any or all of Defendants therefrom who are not under valid

4   leases or rental agreements; to use, operate, manage and control the Dairies and the Real Property

5   Collateral; to care for, preserve, protect, secure and maintain the Dairies and the Real Property

6   Collateral; and to do all things to incur the risks and obligations ordinarily incurred by owners,

7   managers and operators of similar businesses and properties, as such receiver, and not risks or

8   obligations so incurred shall be at the personal risk or obligation of the Receiver, but shall be at

9   the risk or obligation of the receivership estate; and to protect the Real Property Collateral;

10  provided, however, that te Velde may continue to reside in his personal residence located on the

11  Real Property Collateral until it is sold;

12      b.    To demand, collect, and receive the Rents and Profits in possession of

13  Defendants, his, her or its agents, servants, employees or representatives, and all persons or

14  entities acting under or in concert with Defendants, or Rents and Profits that are now due and

15  hereafter due from the tenants or lessees of any portion of the Real Property Collateral;

16      c.    To rent or lease from time to time any part of the Real Property Collateral

17  and to keep the buildings thereon insured and in good repair;

18      d.    To take possession of and receive from any and all banks, savings and loan

19  associations and any financial institutions any monies and funds on deposit in said banks, savings

20  and loan associations and any financial institutions in the name of the Defendants, to the extent

21  that said accounts contain the rents, issues, profits, or room rentals generated by or arising out of

22  the Collateral, and the Receiver's receipt of said monies and funds shall discharge said banks and

23  financial institutions from further responsibility for accounting to said account holder for monies

24  and funds for which the Receiver shall give his or her receipt;

25      e.    To take possession of all the books and records pertaining to the Dairies and

26  the Collateral, wherever located, as the Receiver deems necessary for the proper administration,

27  management and/or control of the receivership estate, but said books and records shall be made

28  available to Defendants, his, her or its agents, servants, employees or representatives, and all

1  persons or entities acting under or in concert with Defendants as is reasonably necessary;

2         f.      To execute and prepare all documents and to perform all acts, either in the

3  name of the Defendants or in the Receiver's own name, which are necessary or incidental to

4  preserving, protecting, managing and controlling the property of the receivership estate;

5         g.      To employ agents, servants, employees, guards, clerks, accountants, on-site

6  managers and management consultants to administer the receivership estate and to collect the

7  Rents and Profits, operate and manage the Dairies, and to keep the same and in good repair, if the

8  Receiver shall deem necessary, and to pay the reasonable value of said services out of the monies

9  received, after obtaining consent of Rabobank;

10         h.      To do all things ordinary and necessary to operate and manage the Dairies,

11  including the purchase and sale of livestock, including dairy cows, dry cows, bulls, heifers and

12  springers, in the ordinary course of business, to pay the costs and expenses regularly incurred in

13  the operation and management of the Dairies, and to pay and discharge such liens as may be

14  placed upon the Collateral, after obtaining consent of Rabobank;

15         i.      To require Defendants, and each of them, to notify the Receiver upon the

16  Receiver's taking possession of the Dairies whether or not there is sufficient insurance coverage on

17  the Property. If sufficient insurance coverage does exist, Defendants shall be responsible for

18  naming, and is hereby ordered to name, the Receiver as an additional insured on the insurance

19  policy(ies) for the period that the Receiver shall be in possession of said Dairies. If there is

20  insufficient insurance coverage, it is hereby ordered that the Receiver shall have thirty (30)

21  working days to procure said insurance on the Collateral, provided that the Receiver has the funds

22  available to do so, and during said period the Receiver shall not be personally responsible for

23  claims arising from or out of the procurement of insurance;

24         j.      To hold the monies coming into possession of the Receiver pursuant to his

25  or her operation of the business thereto, including all milk checks, and not expended for any of the

26  purposes herein authorized, for the payment of the Defendants' obligation to Rabobank sued upon

27  in the Complaint, subject to such orders as this Court may hereinafter issue as to their disposition;

28         k.      To establish bank accounts for the deposit of monies and funds collected

[PROPOSED] ORDER APPOINTING RECEIVER EX PARTE; TRO; OSC RE CONFIRMATION

1  and received in connection with the Receiver's administration of the receivership estate, at any

2  institution the Receiver deems appropriate, provided that any funds on deposit at said financial

3  institution are fully insured by an agency of the United States government;

4          l.      To institute ancillary proceedings in this state or in other states and

5  countries as are necessary to preserve and protect the receivership estate, and the Receiver may

6  engage the services of legal counsel, if necessary, without further application to the Court.  The

7  Receiver may pay for such services from the funds of the receivership estate;

8          m.     To prepare periodic interim statements reflecting the Receiver's fees and

9  administrative costs and expenses incurred for the period of the Receiver's operation and

10  administration of the receivership estate;

11          n.     To have the authority, with the written consent of Rabobank, to engage the

12  services of environmental consultants to perform Phase I, II or III Environmental Audits, and to

13  allow Rabobank, as secured creditor, to have access to the Dairies for any and all reasonable

14  purposes.  The Receiver may pay for such services from the funds of the receivership estate;

15          o.     To employ Christopher Seymour, Esq. and Tucker Chiu Hebesha Seymour

16  PC as counsel;

17          p.     To have the authority to assume or reject the obligations of te Velde under

18  executory contracts, in the Receiver's discretion and business judgment.

19  **TEMPORARY RESTRAINING ORDER**

20       IT IS FURTHER ORDERED that the motion for temporary restraining is granted, and that

21  Defendants, their servants, agents and employees, and all those acting in concert with them, are

22  hereby restrained and enjoined from engaging in, or performing, directly or indirectly, any or all of

23  the following acts until further order of the Court:

24       1.      Demanding, collecting, receiving or in any way diverting or using any of the

25  Dairies, including, without limitation, the rents, lease payments, or proceeds from any of the

26  Dairies;

27       2.      Interfering with or hindering in any way whatsoever the Receiver in the

28  performance of the Receiver's duties herein described and in the performance of any duties

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   incident thereto;

2      3.     Interfering in any manner with the Dairies including its possession;

3      4.     Transferring, conveying, assigning, pledging, deeding, selling, renting, leasing,

4   encumbering, changing ownership of, vesting of title to, or otherwise disposing of, the Dairies, the

5   Real Property or the Personal Property; and

6      5.     Terminating or otherwise affecting any of the utilities which service the Dairies.

7                           **ORDER TO SHOW CAUSE**

8        IT IS FURTHER ORDERED that the Defendant shall appear in Department __ of this

9   Court, located at 1100 Van Ness Avenue, Fresno, California 93724, on _3 - 6_____, 2018,

10   at _3:30_ p.m., or as soon thereafter as the matter may be heard, and then and there show cause,

11   if any exists, why the appointment of the Receiver herein should not be confirmed and continued

12   pendente lite under the terms set forth in the Order Appointing Receiver above, and why the

13   Temporary Restraining Order above should not continue in full force and effect as a preliminary

14   injunction pending trial on the merits.

15        IT IS FURTHER ORDERED that any opposition to this Order to Show Cause shall be

16   filed and served by email on Rabobank's counsel on or before_____ _3 - 1_____, 2018 and

17   any reply in support of this Order to Show Cause shall be filed and served by email on the

18   Defendants' counsel on or before _3 - 5____, 2018.

19

20   DATED: __2 - 22___, 2018                                  

                                     JUDGE OF THE SUPERIOR COURT

21

22   **APPROVED AS TO FORM:**

23

24   DATED: _____, 2018

25

26

27                                Attorneys for Defendants GREGORY JOHN TE
                               VELDE and PACIFIC RIM DAIRY, a California

28                                general partnership

JMBM | Jeffer Mangels Butler & Mitchell LLP

# Exhibit 2

1 | JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310)
2 | rrogan@jmbm.com
BENNETT G. YOUNG (Bar No. 106504)
3 | byoung@jmbm.com
Two Embarcadero Center, 5th Floor
4 | San Francisco, California 94111-3813
Telephone:    (415) 398-8080
5 | Facsimile:    (415) 398-5584

6 | Attorneys for Plaintiff Rabobank, N.A.



FILED
MAR 13 2018
FRESNO COUNTY SUPERIOR COURT
By_____
DEPT. 502



7 |
8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                            COUNTY OF FRESNO

RECEIVED VIA EFILE
3/7/2018 10:32 AM
FRESNO COUNTY SUPERIOR COURT
By: M. Sanchez, Deputy

10 | RABOBANK, N.A., a national banking       Case No. 18CECG00437
association,
11 |                                         **ORDER APPOINTING RECEIVER EX
                Plaintiff,                   PARTE; AND PRELIMINARY
12 |                                          INJUNCTION IN AID OF RECEIVER**

13 |        v.                               Date:        March 6, 2018
                                            Time:        3:30 p.m.
14 | GREGORY JOHN TE VELDE, an individual;   Dept:        502
PACIFIC RIM DAIRY, a California general     Place:       1130 "O" Street
15 | partnership; and DOES 1 through 30,                  Fresno, CA
inclusive,
16 |                                         Judge:       Hon. Donald Black
                Defendants.
17 |                                         Action Filed: February 5, 2018

18 |

19 |        The Court, having issued its Order Appointing Receiver Ex Parte; Temporary Restraining

20 | Order; and Order to Show Cause Re Confirmation of Receiver and Preliminary Injunction (the

21 | "Order to Show Cause") on February 22, 2018, conducted a hearing pursuant to Rule 3.1176,

22 | California Rules of Court on March 6, 2018, at 3:30 p.m., in Courtroom No. 502, Hon. Donald S.

23 | Black, presiding.  Richard A. Rogan appeared for Plaintiff Rabobank, N.A. ("Rabobank").

24 | Christopher E. Seymour appeared for Receiver Donald Howell (the "Receiver").  There was no

25 | appearance for Defendants Gregory John te Velde and Pacific Rim Dairy, a California general

26 | partnership.  Rabobank, having filed its undertaking in the sum of $1,000 pursuant to California

27 | Code of Civil Procedure section 566(b), and the Receiver, having filed his undertaking in the sum

28 | of $50,000 pursuant to California Code of Civil Procedure section 567(b), both as required by the

1  Order to Show Cause, and good cause appearing therefor:

2  <u>**ORDER APPOINTING AND CONFIRMING RECEIVER**</u>

3  IT IS HEREBY ORDERED that the appointment of DONALD G. HOWELL, 18489

4  Avenue 16-1/2, Madera, California 93637, as receiver (in such capacity, the "Receiver") in this

5  Action over the Dairies and the Collateral (as defined herein) is hereby confirmed, on condition

6  that before entering upon his duties as Receiver, he shall take the Oath and file a bond with a

7  surety thereon approved by this Court pursuant to California Code of Civil Procedure Section

8  567(b) in the sum of $50,000.00 to secure the faithful performance of his duties as Receiver.

9  IT IS FURTHER ORDERED that the Receiver shall have the following powers and

10  responsibilities:

11  1.    That the Receiver be authorized and directed to take possession and control of the

12  three dairies that are owned and operated by Defendant Gregory John te Velde ("te Velde"):  (1)

13  GJ te Velde Ranch, located near Tipton, in Tulare County, California, which has approximately

14  4,671 milk cows and 6,340 other head of livestock; (2) Pacific Rim Dairy, located near Corcoran,

15  in Tulare County, California, which has approximately 10,372 milk cows and 13,851 other head of

16  livestock; and (3) Lost Valley Farm, located near Boardman, Morrow County, Oregon which has

17  approximately 8,915 milk cows and 8,440 other head of livestock (collectively, the "Dairies");

18  2.    That the Receiver be authorized and directed to take possession and control of the

19  personal property collateral of Rabobank that is located on and used by the Dairies and more

20  particularly described in the Amended and Restated Security Agreement dated as of April 13,

21  2016 (the "Personal Property Collateral");

22  3.    That the Receiver be authorized and directed to take possession and control of the

23  real property described in the Second Deed of Trust, more commonly known as the GJ te Velde

24  Ranch (the "Real Property Collateral");

25  4.    That each of Defendants te Velde and Pacific Rim Dairy, a general partnership

26  (collectively, "Defendants"), and anyone holding under any of Defendants, be ordered to deliver

27  possession of the Dairies, the Personal Property Collateral and the Real Property Collateral

28  (collectively, the "Collateral") to the Receiver forthwith;

5.    That the Receiver, after taking possession of the Collateral, be permitted to do the following:

a.    To enter, gain access to and take possession of the Dairies, the Personal Property Collateral, and of the Real Property Collateral; to exclude any or all of Defendants or anyone claiming under or through any or all of Defendants therefrom who are not under valid leases or rental agreements; to use, operate, manage and control the Dairies and the Real Property Collateral; to care for, preserve, protect, secure and maintain the Dairies and the Real Property Collateral; and to do all things to incur the risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and properties, as such receiver, and not risks or obligations so incurred shall be at the personal risk or obligation of the Receiver, but shall be at the risk or obligation of the receivership estate; and to protect the Real Property Collateral; provided, however, that te Velde may continue to reside in his personal residence located on the Real Property Collateral until it is sold;

b.    To demand, collect, and receive the Rents and Profits in possession of Defendants, his, her or its agents, servants, employees or representatives, and all persons or entities acting under or in concert with Defendants, or Rents and Profits that are now due and hereafter due from the tenants or lessees of any portion of the Real Property Collateral;

c.    To rent or lease from time to time any part of the Real Property Collateral and to keep the buildings thereon insured and in good repair;

d.    To take possession of and receive from any and all banks, savings and loan associations and any financial institutions any monies and funds on deposit in said banks, savings and loan associations and any financial institutions in the name of the Defendants, to the extent that said accounts contain the rents, issues, profits, or room rentals generated by or arising out of the Collateral, and the Receiver's receipt of said monies and funds shall discharge said banks and financial institutions from further responsibility for accounting to said account holder for monies and funds for which the Receiver shall give his or her receipt;

e.    To take possession of all the books and records pertaining to the Dairies and the Collateral, wherever located, as the Receiver deems necessary for the proper administration,

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   management and/or control of the receivership estate, but said books and records shall be made

2   available to Defendants, his, her or its agents, servants, employees or representatives, and all

3   persons or entities acting under or in concert with Defendants as is reasonably necessary;

4           f.        To execute and prepare all documents and to perform all acts, either in the

5   name of the Defendants or in the Receiver's own name, which are necessary or incidental to

6   preserving, protecting, managing and controlling the property of the receivership estate;

7           g.        To employ agents, servants, employees, guards, clerks, accountants, on-site

8   managers and management consultants to administer the receivership estate and to collect the

9   Rents and Profits, operate and manage the Dairies, and to keep the same and in good repair, if the

10  Receiver shall deem necessary, and to pay the reasonable value of said services out of the monies

11  received, after obtaining consent of Rabobank;

12          h.        To do all things ordinary and necessary to operate and manage the Dairies,

13  including the purchase and sale of livestock, including dairy cows, dry cows, bulls, heifers and

14  springers, in the ordinary course of business, to pay the costs and expenses regularly incurred in

15  the operation and management of the Dairies, and to pay and discharge such liens as may be

16  placed upon the Collateral, after obtaining consent of Rabobank;

17          i.        To require Defendants, and each of them, to notify the Receiver upon the

18  Receiver's taking possession of the Dairies whether or not there is sufficient insurance coverage on

19  the Property.  If sufficient insurance coverage does exist, Defendants shall be responsible for

20  naming, and is hereby ordered to name, the Receiver as an additional insured on the insurance

21  policy(ies) for the period that the Receiver shall be in possession of said Dairies.  If there is

22  insufficient insurance coverage, it is hereby ordered that the Receiver shall have thirty (30)

23  working days to procure said insurance on the Collateral, provided that the Receiver has the funds

24  available to do so, and during said period the Receiver shall not be personally responsible for

25  claims arising from or out of the procurement of insurance;

26          j.        To hold the monies coming into possession of the Receiver pursuant to his

27  or her operation of the business thereto, including all milk checks, and not expended for any of the

28  purposes herein authorized, for the payment of the Defendants' obligation to Rabobank sued upon

1   in the Complaint, subject to such orders as this Court may hereinafter issue as to their disposition;

2              k.     To establish bank accounts for the deposit of monies and funds collected

3   and received in connection with the Receiver's administration of the receivership estate, at any

4   institution the Receiver deems appropriate, provided that any funds on deposit at said financial

5   institution are fully insured by an agency of the United States government;

6              l.     To institute ancillary proceedings in this state or in other states and

7   countries as are necessary to preserve and protect the receivership estate, and the Receiver may

8   engage the services of legal counsel, if necessary, without further application to the Court. The

9   Receiver may pay for such services from the funds of the receivership estate;

10            m.     To prepare periodic interim statements reflecting the Receiver's fees and

11   administrative costs and expenses incurred for the period of the Receiver's operation and

12   administration of the receivership estate;

13            n.     To have the authority, with the written consent of Rabobank, to engage the

14   services of environmental consultants to perform Phase I, II or III Environmental Audits, and to

15   allow Rabobank, as secured creditor, to have access to the Dairies for any and all reasonable

16   purposes. The Receiver may pay for such services from the funds of the receivership estate;

17            o.     To have the authority to assume or reject the obligations of te Velde under

18   executory contracts, in the Receiver's discretion and business judgment.

19            p.     Rabobank's undertaking of $1,000 pursuant to California Code of Civil

20   Procedure Section 566(b) (relating to the ex parte appointment of the Receiver) is no longer

21   necessary and is hereby exonerated and discharged.

22                      **TEMPORARY RESTRAINING ORDER**

23       IT IS FURTHER ORDERED that the motion for temporary restraining is granted, and

24   shall be effective upon the filing by Rabobank of a surety bond pursuant to California Code of

25   Civil Procedure Section 529(a) in the sum of $5,000.00, and that Defendants, their servants, agents

26   and employees, and all those acting in concert with them, are hereby restrained and enjoined from

27   engaging in, or performing, directly or indirectly, any or all of the following acts until further

28   order of the Court:

ORDER APPOINTING RECEIVER EX PARTE; AND PRELIMINARY INJUNCTION IN AID OF RECEIVER

1.   Demanding, collecting, receiving or in any way diverting or using any of the Dairies, including, without limitation, the rents, lease payments, or proceeds from any of the Dairies;

2.   Interfering with or hindering in any way whatsoever the Receiver in the performance of the Receiver's duties herein described and in the performance of any duties incident thereto;

3.   Interfering in any manner with the Dairies including its possession;

4.   Transferring, conveying, assigning, pledging, deeding, selling, renting, leasing, encumbering, changing ownership of, vesting of title to, or otherwise disposing of, the Dairies, the Real Property or the Personal Property; and

5.   Terminating or otherwise affecting any of the utilities which service the Dairies.

DATED:   8-13   , 2018

JUDGE OF THE SUPERIOR COURT

ORDER APPOINTING RECEIVER EX PARTE; AND PRELIMINARY INJUNCTION IN AID OF RECEIVER

# Exhibit 3

1

2

3

4                    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

5                            FOR THE COUNTY OF MORROW

6    RABOBANK, N.A., a national banking
     association,                                    Case No. 18CV06675
7
                             Plaintiff,              ~~[PROPOSED]~~ ORDER APPOINTING
8                                                    ANCILLARY RECEIVER
             v.
9
     GREGORY JOHN TE VELDE, an individual,
10
                             Defendant.
11

12

13           The Court having reviewed the Amended Complaint filed herein by Plaintiff Rabobank,

14   N.A. ("Rabobank"), Plaintiff's Motion for Appointment of Ancillary Receiver, the supporting

15   Declaration of Joseph M. VanLeuven in Support of Motion for Appointment of Ancillary

16   Receiver, the Affidavit of Donald G. Howell, the Declaration of Patrick Criteser, the previously

17   filed Declaration of Joseph M. VanLeuven in Support of Plaintiff's Motion for Preliminary

18   Injunction (filed on March 19, 2018), the previously filed Supplemental Declaration of Nicola

19   Merrifield-Olivia (filed on March 19, 2018), and being fully advised,

20           **IT IS HEREBY ORDERED** that Rabobank's Motion for Appointment of Ancillary

21   Receiver is:

22           ☒ GRANTED as follows:

23           1.      Donald G. Howell ("Receiver") be appointed Ancillary Receiver for in this

24   matter, with the enumerated powers and duties set forth herein.

25           2.      The Receiver is authorized and directed to take possession and control of the

26   personal property collateral of Rabobank (which includes approximately 8,915 milk cows and

Page 1 – [PROPOSED] ORDER APPOINTING ANCILLARY RECEIVER

1    8,440 other head of livestock), which is located on and used by the Lost Valley Farm, located

2    near Boardman, Morrow County, Oregon (the "Oregon Dairy"), and which is more particularly

3    described in the Amended and Restated Security Agreement dated as of December 8, 2016 that is

4    attached as Exhibit 6 to the *Declaration of Nicola Merrifield-Olivia in Support of Ex Parte*

5    *Application for Immediate Appointment of Receiver; or In the Alternative, For Order to Show*

6    *Cause Regarding Appointment of Receiver; and For Temporary Restraining Order*, filed in

7    *Rabobank, N.A. v. Gregory John te Velde, et al.*, Superior Court of the State of California,

8    County of Fresno, Case Number 18CDCG00437 ("California Action"), which is attached as

9    Exhibit 1 to the VanLeuven Preliminary Injunction Declaration (collectively, Rabobank's

10   "Oregon Collateral"). The receivership estate in this case shall consist of the Oregon Collateral

11   and the products and proceeds thereof.

12        3.      The Receiver shall have the following rights, powers and duties with respect to

13   the Oregon Collateral:

14             a.  To facilitate and oversee an auction and/or other sale of all or parts of the

15        Oregon Collateral (collectively, the "Auction"), including to demand turnover of any

16        Oregon Collateral or other property of the estate from any person.  The Auction may take

17        the form of (i) a Uniform Commercial Code ("UCC") foreclosure auction by Rabobank,

18        (ii) a private sale or sales by Rabobank under the UCC, or (iii)  a sale or sales by the

19        Receiver free and clear of liens and interests, if authorized by further court order in

20        accordance with ORS 37.250 (Section 25 of the Oregon Receivership Code).

21             b.  To protect and preserve the Oregon Collateral pending the Auction, and to turn

22        over any Oregon Collateral not sold at Auction to Rabobank, for disposition in

23        accordance with the UCC;

24             c.  To report to the Court and the parties if defendant te Velde violates any

25        preliminary injunction entered in this case.

26             d.  To access the books and records of the Oregon Dairy in order to monitor

Page 2 – [PROPOSED] ORDER APPOINTING ANCILLARY RECEIVER

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1    income and expenditures, as well as to aid in the performance of his other duties.

2            e.  To communicate with Rabobank and third parties regarding any matter related

3    to the Oregon Collateral, products and proceeds thereof, or the Auction.

4            f.  To request that Rabobank make protective advances to defendant te Velde

5    and/or to the Receiver, to the extent the Receiver determines there are cash flow

6    shortfalls at the Oregon Dairy which the Receiver determines leave or may leave

7    defendant otherwise unable to pay for costs incurred after the date of this Order for the

8    protection and preservation of the Oregon Collateral pending the Auction, and removal of

9    the Oregon Collateral sold at the Auction.  (For the avoidance of doubt, Rabobank is not

10   required to make such advances, and may decide whether or not to do so in its sole

11   discretion.)  The Receiver may obtain direct advances from Rabobank in an aggregate

12   amount not to exceed $2,000,000 without further court order.

13           g.  To communicate with creditors, customers, suppliers and employees of the

14   Oregon Dairy in the exercise of his powers and duties herein.

15           h.  To employ and compensate an attorney in accordance with ORS 37.310

16   (Section 31 of the Oregon Receivership Code).

17           i.  To use the net Auction proceeds to pay claims secured by valid liens upon and

18   interests in the Oregon Collateral senior to Rabobank's security interest, and to pay the

19   balance to Rabobank (after payment of and/or reserve for the expenses of the

20   receivership).  The validity, amount and priority of disputed liens and interests in the

21   Oregon Collateral shall be determined by court order upon an appropriate motion with

22   notice to the affected creditor(s), or by stipulation.

23           j.  To seek and obtain instruction from the court concerning the Oregon Collateral,

24   exercise of the Receiver's powers, and performance of the Receiver's duties.

25       4.      Notwithstanding the Receiver's right to possess and control the Oregon Collateral

26   in order to facilitate and conduct the Auction, the Receiver is not empowered or authorized to

Page 3 – [PROPOSED] ORDER APPOINTING ANCILLARY RECEIVER

1  operate the Oregon Dairy without further order of the court.  Leading up to the Auction,

2  defendant te Velde shall continue to operate the Oregon Dairy, feeding and caring for the

3  animals, milking the cows, selling the milk, paying employees and associated payroll taxes and

4  expenses, and generally managing the dairy operations.  The Receiver shall have no liability for

5  any claim or damage arising from defendant te Velde's operation of the Oregon Dairy, including

6  but not limited liability for any failure by defendant te Velde to pay his creditors or to comply

7  with the Stipulated General Judgment entered in *State of Oregon v. Gregory Tevelde*,

8  Multnomah County Case Number 18CV06449.

9       5.      Due to the limited duration and nature of the receivership, the automatic stay

10  under ORS 37.220 (Section 22 of the Oregon Receivership Code) shall apply only to acts to

11  obtain possession of estate property, enforce judgments against estate property, or to create,

12  perfect or enforce any lien or claim against estate property.  Further, ORS 37.104(2),

13  ORS 37.320(1), (3) and (4), and ORS 37.340-ORS 37.370 (Sections 14(2), 12(1), (3) and (4),

14  and 34-37 of the Oregon Receivership Code) shall not apply to this receivership.

15       6.      Due to the limited duration and nature of the receivership, the Receiver shall not

16  be required to do any of the following:

17           a. Maintain mailing lists under ORS 37.160 (Section 16 of the Oregon

18           Receivership Code;

19           b. File a creditor list and inventory under ORS 37.190 (Section 19 of the Oregon

20           Receivership Code);

21           c. Make periodic reports under ORS 37.200 (Section 20 of the Oregon

22           Receivership Code);

23           d. Establish a claims bar date under ORS 37.210 (Section 21 of the Oregon

24           Receivership Code);

25           e. Assume or reject contracts under ORS 37.240 (Section 24 of the Oregon

26           Receivership Code); or

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax
4842-9862-9214v.9 0082794-000032

1          f. Send an initial notice to creditors under ORS 37.330 (Section 33 of the Oregon

2      Receivership Code);

3          7.      No bond or security beyond that already posted by the Receiver in the California

4  Action (as described in Rabobank's Motion) shall be required.

5          8.      The Receiver shall not be required to sell or administer all of the Oregon

6  Collateral.  Upon conclusion of the Auction and distribution of the Auction proceeds, the

7  Receiver shall file a motion for discharge in accordance with ORS 37.410 (Section 41 of the

8  Oregon Receivership Code).

9

10     ☐ DENIED.

11     ☐ OTHER.

12

13

14

15                                      Signed: 4/12/2018 01:50 PM

16

17                              _____

18                              Jon S. Lieuallen, Circuit Court Judge

19

20  Presented by:
    Joseph M. VanLeuven, OSB #824189
21  Email:  joevanleuven@dwt.com
    Kevin H. Kono, OSB #023528
22  Email:  kevinkono@dwt.com
    Telephone:  (503) 241-2300
23  Facsimile:  (503) 778-5299

24

25  Trial Attorney:  Kevin H. Kono, OSB #023528

26  Of Attorneys for Plaintiff

Page 5 – [PROPOSED] ORDER APPOINTING ANCILLARY RECEIVER

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1          **CERTIFICATE OF SERVICE**

2          I hereby certify that I served a copy of the foregoing **[PROPOSED] ORDER**
   **APPOINTING ANCILLARY RECEIVER** on:
3

4          Michael Collins, OSB #801951
           Collins & Collins LLP
           326 SE Second Street
5          PO Box 1457
           Pendleton, OR 97801
6          Telephone: (541) 276-3320
           Email: mike@pendletonlaw.net
7
           Of Attorneys for Defendant
8

9          ☒          by mailing a copy thereof in a sealed, first-class postage prepaid envelope,
           addressed to said attorney's last-known address and deposited in the U.S. mail at Portland,
10         Oregon on the date set forth below;

11         ☐          by causing a copy thereof to be hand-delivered to said attorney's address as
           shown above on the date set forth below;

12         ☐          by sending a copy thereof via overnight courier in a sealed, prepaid envelope,
           addressed to said attorney's last-known address on the date set forth below;
13

14         ☐          by faxing a copy thereof to said attorney at his/her last-known facsimile number
           on the date set forth below; or

15         ☐          by emailing a copy thereof to said attorney at his/her last-known email address as
           set forth above.
16

17         ☐          by using electronic transmission of a notice of filing by the electronic filing
           system provided by the Oregon Judicial Department, Odyssey File and Serve.

18         Dated this 30th day of March 2018.

19                    DAVIS WRIGHT TREMAINE LLP

20

21                    By: s/ Kevin H. Kono
                          Joseph M. VanLeuven, OSB #824189
22                        Kevin H. Kono, OSB #023528
                          Of Attorneys for Plaintiff
23

24

25

26

Page 1 - CERTIFICATE OF SERVICE
4842-9862-9214v.9 0082794-000032
                    DAVIS WRIGHT TREMAINE LLP
                    1300 S.W. Fifth Avenue, Suite 2400
                    Portland, Oregon 97201-5610
                    (503) 241-2300 main · (503) 778-5299 fax