**TERRI H. DIDION #133491**
Trial Attorney
GREGORY S. POWELL #182199
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030
E-mail: terri.didion@usdoj.gov

Attorneys for Tracy Hope Davis,
  United States Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re | Case No. **18-11651-11** |
| | Chapter 11 |
| **GREGORY JOHN te VELDE,** | |
| | **D.C. No. RAR-1** |
| | |
| | Date: May 8, 2018 |
| Debtor. | Time: 1:30 p.m. |
| | Place: 2500 Tulare Street |
| | Courtroom 11, Dept. A |
| | Fresno, CA 93721 |

### UNITED STATES TRUSTEE'S OPPOSITION TO EMERGENCY
### MOTION FOR RELIEF FROM STAY OR ALTERNATIVELY, FOR
### ADEQUATE PROTECTION OR EXCUSE RECEIVER FROM COMPLIANCE
### UNDER SECTION 543(d) FILED BY RABOBANK, N.A.

To the Honorable Fredrick E. Clement, United State Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this *Opposition to Emergency Motion for Relief from Stay or Alternatively, for Adequate Protection or Excuse Receiver From Compliance under Section 543(d)* filed by secured creditor Rabobank, N.A. ("Opposition").[1]

---

[1] Hereinafter, all references to "Section" in the Opposition are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

## I.   INTRODUCTION

The Court should deny that portion of Rabobank's Motion requesting that the State Court appointed Receiver be excused from complying with Section 543(d) for several reasons.  First, only chapter 11 trustees and debtors-in-possession may manage the affairs of chapter 11 debtors.  The Debtor is currently controlled by Donald G. Howell, a State Court appointed Receiver. ("Receiver").  Second, the Receiver appears to be a custodian, and as such, he is required under the Bankruptcy Code to turn over all estate property to the Debtor or obtain a court order excusing this requirement.  Third, even if the Bankruptcy Court excuses the Receiver from complying with the turnover obligation, the Receiver's rights would be limited to maintaining physical custody and care of the Debtor's assets.  Excusal from turnover does not instill a custodian with the powers of a trustee or debtor-in-possession.  On the contrary, Section 105(b) prohibits the appointment of a receiver under any circumstance.

## II.   SUMMARY OF THE BANKRUTPCY CASE

### A.  Background Facts and Procedural Posture.

1.   On April 26, 2018, Gregory John te Velde ("Debtor") filed a voluntary Chapter 11 petition.[2]  [ECF No. 1].[3]

2.   No Official Committee of Unsecured Creditors has yet been appointed by the United States Trustee.  Solicitation letters were sent by the Office of the United States Trustee to the 20 largest unsecured creditors on May 1, 2018.  Responses are due by May 10, 2018.

3.   Debtor's business includes the operation of three dairies located in Tipton, California-the GJ te Velde Ranch; Corcoran, California-the Pacific Rim Dairy; and Boardman, Oregon-the Lost Valley Farm.  [ECF No. 38, page 3, ¶2].

---

[2]  The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017.  The information contained in these documents, signed under penalty of perjury by Debtor, are admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

[3]  "ECF No." refers to the main bankruptcy docket for case number 18-11651.

4. No bankruptcy schedules or statements have been filed with the Court. [*See generally* Bankruptcy Court Docket for case number 18-11651].

5. Prior to the Debtor's bankruptcy filing, Rabobank N.A. ("Rabobank") obtained on February 22, 2018, an Order from the Superior Court of the State of California, County of Fresno, appointing Donald G. Howell as receiver for the Tipton and Corcoran, California dairies. ("California Receiver Order")[ECF No. 73, Exhibits A and B.].

6. The California Receiver Order indicates that Mr. Howell is "authorized and directed to take possession and control of the three dairies owned and operated by Defendant Gregory John te Velde." [ECF No. 73, Exhibit A, page 2,¶1]. Further, the receiver is authorized to "use, operate, manage, and control" the dairies including doing "all things to incur risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and properties." [*Id.* at page 3, ¶5a]. Specifically, the receiver is given authority to collect income; take possession of Debtor's financial accounts, books and records; prepare and execute documents in the Debtor's name; employ agents, employees, and managers; purchase and sell livestock; establish bank accounts to deposit funds collected and to make disbursements; commence litigation as needed to protect the receivership estate; and prepare periodic reports reflecting the receiver's fees and administrative costs incurred in connection with the operation of the receivership estate. [*Id.* at pages 2-5, ¶5a-p].

7. On April 12, 2018, the Circuit Court for the State of Oregon, County of Morrow, Entered an Order appointing Donald G. Howell as Ancillary Receiver for the dairy located in Boardman, Oregon. ("Oregon Receiver Order") [ECF No. 73, Exhibit C].

8. The Oregon Receiver Order provides that Mr. Howell is "authorized and directed to take possession and control of the personal property collateral of Rabobank (which includes approximately 8,915 milk cows and 8,440 other head of livestock)." [*Id.* at pages 1-2,¶2]. The Order also authorizes Mr. Howell to conduct a sale and/or auction of the personal property, and to use the net proceeds to pay the claim of Rabobank. [*Id.* at pages 2-3,¶3a-j]. Mr. Howell is

not authorized to operate the Oregon dairy without further court authorization.  [*Id.* at pages3-4,¶4].

9.   On April 30, 2018, Rabobank filed an emergency motion for relief from stay. [ECF Nos. 35-40].  In its motion, Rabobank requests that the Receiver be excused from complying with Section 543(d) of the Bankruptcy Code primarily to allow an auction of the Oregon property arranged by the Receiver to proceed as well as leaving the management of the California dairies under the control of the Receiver in place of "the drug-addicted Debtor" who allegedly has mismanaged the dairies.  [ECF No. 38, page 7, ¶6].

III.   **MEMORANDUM OF POINTS AND AUTHORITIES**

A. **Only debtors in possession and chapter 11 trustees may manage the affairs of a chapter 11.**

10. As defined by section 1101(1), a debtor in possession "means debtor except" when a trustee is serving in the case.  The Bankruptcy Code at sections 1106, 1107 and 1108 sets forth the rights, powers and duties of a debtor in possession and any trustee appointed by the Court. The options available for control of the debtor under chapter 11 are limited to a trustee or the debtor in possession.  *In re Briar Hill Foods, LLC,* 2017 Bankr. LEXIS 3342 (Bankr. N.D. Ohio Sept. 29, 2017) citing *In re Roxwell Performance Drilling, LLC*, 2013 Bankr. LEXIS 5345 (Bankr. N.D. Tex. Dec. 20, 2013); *Matter of Plantation Inn Partners*, 142 B.R. 561, 564 (Bankr. S.D. Ga. 1992)(granting UST's motion to appoint a chapter 11 trustee and opining that the Bankruptcy Code contemplates that administration of a chapter 11 case be managed by a trustee or a debtor in possession, not a hybrid created by judicial fiat).

11. While the State Court appointed Receiver in this case took control of Debtor's three dairies immediately prior to the bankruptcy filing, the Bankruptcy Code expressly provides that a chapter 11 bankruptcy case may only proceed under the direction of a debtor in possession. As such, the Receiver is required by statute to relinquish control and turn over any and all property necessary to effectuate a proper chapter 11 bankruptcy proceeding and allow the debtor in possession to fulfill his obligations under the Bankruptcy Code.

**B. The Receiver is a custodian and is subject to the turn over provision in section 543 of the Bankruptcy Code.**

12. A "custodian" is defined in section 101(11) as a receiver appointed in a non-bankruptcy case. 11 U.S.C. §101(11)(A). Applying the plain language of the statute, courts routinely find that receivers appointed by both federal and state court are bankruptcy custodians. *In re San Vicente Medical Partners, Ltd.,* 962 F.2d 1402 (9th Cir. 1992). *In re Ute Lake Ranch, Inc.* 2016 Bankr. LEXIS 4613 (Bankr. D. Co. Sept. 14, 2016). The Bankruptcy Code places strict limitations on a custodian's involvement with a debtor's bankruptcy estate after a petition is filed.

> A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents of profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except that as is necessary to preserve such property.

11 U.S.C. §543(a). The additional provisions of section 543 detail the turnover process.

13. Here, Mr. Howell was appointed Receiver over the Debtor's three dairies by the California and Oregon state courts. By definition, Mr. Howell is a "custodian" and is subject to the requirements of section 543. As such, Mr. Howell is obligated to turn over all estate property to a debtor in possession or trustee. *See* 11 U.S.C. §§543(b)(1) and 1107 (a).

**C. Excusal from compliance under section 543(d) is limited in scope and does not benefit all creditors of the bankruptcy estate.**

14. Section 543(d) provides limited exceptions to a custodian's turnover obligations. The maximum relief available merely allows a custodian "to continue in possession, custody, or control of such property" under the custodian's prepetition control. 11 U.S.C. §543(d)(1).

15. The bankruptcy court has discretion under section 543(d) to excuse a receiver from the mandatory turnover obligation under section 543(b). *See In re Picacho Hills Util. Co.,* 2013 Bankr. LEXIS 1733 at *7 (Bankr. D.N.M. April 26, 2013). A party seeking such relief has the burden of establishing "by a preponderance of the evidence that the best interests of creditors, [and if the debtor is insolvent, the best interest of equity security holders of the Debtor] are served by permitting a custodian to retain control of the estate. *Id.*

16.  In determining whether this burden has been satisfied concerning whether a custodian should be excused from turnover, courts have reviewed the following:

a.   The likelihood of reorganization, and whether funds held by the receiver are required for reorganization;

b.   Whether the debtor mismanaged the property;

c.   Whether turnover would injure creditors;

d.   Whether the debtor would use the property for the creditors' benefit;

e.   Whether there are avoidance issues raised with respect to property retained by a receiver, because a receiver does not possess avoiding powers for the benefit of the estate; and

f.   The fact that the automatic stay has deactivated the state court Receiver Action.

*Id.* at *20-21.  And regardless of what factors are used to aid the court in its decision, the paramount concern is the interests of all creditors.  *In re Falconridge, LLC,* Bankr. LEXIS 3755 at *7 (Bankr. N.D. Ill. Nov. 8, 2007).

17. In the instant case, Rabobank has requested in its relief from stay motion that Mr. Howell remain in place as a custodian.  The primary purpose for this request is to allow Mr. Howell to proceed with an auction of the Oregon property that will only inure to the benefit of Rabobank as an alleged secured creditor.  As set forth above, Rabobank has not met its burden of proof in determining whether Mr. Howell, as custodian, should be excused from compliance with section 543.  Moreover, to the extent that the Court finds Rabobank has met its burden, section 543 does not permit a custodian to sell or otherwise liquidate bankruptcy estate assets.

### D.  The Bankruptcy Court may not appoint Mr. Howell as Receiver using its inherent powers under 11 U.S.C. §105.

18. 11 U.S.C. §105(b) expressly prohibits a Bankruptcy Court from appointing Receivers in any case under Title 11.  "The Bankruptcy Code has ample provision for the appointment of trustees when needed.  Any appointment of a receiver would simply circumvent the established procedures."  H.R. Rep. No. 595, 95th Cong., 1st Sess. 316 (1977).

19.  When taken together, sections 105(b) and 543 demonstrate that the "authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with either the debtor as debtor in possession or a chapter 11 trustee." *Roxwell Performance Drilling, LLC*, 2013 Bankr. LEXIS 5345 at *4.

20.  If a fiduciary is necessary in this case due to a lack of confidence concerning the Debtor's ability to manage the operations of the three dairies or to alleviate uncertainty regarding the Debtor being able to fulfill his fiduciary duties under the Bankruptcy Code, the Court should order that a trustee be appointed by the United State Trustee.

**IV.**     **CONCLUSION**

**WHEREFORE**, the United States Trustee hereby requests that the Court deny that portion of Rabobank's motion requesting that the State Court appointed Receiver be excused from complying with 11 U.S.C. §543, and grant such other relief as is just under the circumstances.

Dated: May 4, 2018                         Respectfully submitted,

   /s/  Terri H. Didion

Terri H. Didion, Trial Attorney
Attorney for Tracy Hope Davis
 United States Trustee