7

TERRI H. DIDION #133491
Trial Attorney
JASON BLUMBERG #4055257 [New York]
Trial Attorney
ROBIN TUBESING #26680-49 [Indiana]
Trial Attorney
GREGORY S. POWELL #182199
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030
E-mail: terri.didion@usdoj.gov
           jason.blumberg@usdoj.gov

Attorneys for Tracy Hope Davis,
  United States Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**GREGORY JOHN te VELDE,**<br><br><br><br><br><br><br>Debtor. | Case No. **18-11651-11**<br><br>**DC No. WW-3**<br><br>Date:  June 13, 2018<br>Time:  1:30 p.m.<br>Place: United States Courthouse<br>         Department A, Courtroom 11<br>         2500 Tulare Street, Fifth Floor<br>         Fresno, California<br><br>Judge: Hon. Fredrick E. Clement |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (WALTER WILHELM LAW GROUP)**

TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE:

1

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby objects to the Debtor-in-Possession's (the "Debtor") application (ECF No. 125) (the "Application") to employ Walter Wilhelm Law Group ("Counsel") as his bankruptcy counsel. For the reasons set forth herein, the U.S. Trustee requests that the Court deny approval of the Application.

**I.  INTRODUCTION**

As discussed more fully below, the Application and supporting documents fail to provide sufficient information to enable the Court, the U.S. Trustee and parties in interest to determine whether the requirements of Bankruptcy Code Section 327(a) and Federal Bankruptcy Rule 2014 have been satisfied. Absent these disclosures, the Application should be denied.

In addition, Counsel's retainer agreement contains unreasonable terms that should not be approved at this time. For instance, the retainer agreement treats Counsel's pre-petition retainer as nonrefundable. The agreement also has a mandatory arbitration provision, notwithstanding the Court's important responsibilities under 11 U.S.C. §§ 327 to 331.

**II.  THE U.S. TRUSTEE HAS STANDING TO OBJECT**

This objection is filed in accordance with the U.S. Trustee's duty under 28 U.S.C. § 586(a)(3)(I) to review applications under 11 U.S.C. § 327. The U.S. Trustee is responsible for enforcing the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 33 F.3d 294, 295-296 (3rd Cir. 1994).

**III.  BACKGROUND FACTS**

The Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 26, 2018. *See* ECF No. 1, voluntary petition.

The Application was timely filed on May 8, 2018. *See* ECF Nos. 125-127, Application, supporting declaration, and exhibit.

According to the Debtor's schedules, the value of the Debtor's assets is $256,019,684.58. The Debtor's total liabilities are $162,261,029.65. *See* ECF No. 159, schedules.

On June 5, 2018, the U.S. Trustee filed a notice of applicability of the "Appendix B- Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases." *See* ECF No. 325.

IV. **OBJECTION**

    1. **The Applicant Bears the Burden to Make Full, Candid, and Complete Disclosure.**

A professional person's employment must be pre-approved by the court regardless of whether the professional seeks compensation from the estate for such services. *See* 11 U.S.C. § 327 and 330; *In re Engel*, 124 F.3d 567, 571 (3d Cir. 1997) ("Any debtor-in-possession…must receive court approval in order to employ an attorney or other professional".). *See also In re Fleming Cos., Inc.,* 305 B.R. 389 (Bankr. D. Del. 2004) *citing In re Arkansas*, 798 F.2d 645, 648 (3rd Cir. 1986) ("Prior approval ensures that the court knows the type of professional engaged, its integrity, its experience with this type of work and its competency.").

Section 327(a) of the Bankruptcy Code provides, in pertinent part, that a trustee "may employ one or more attorneys, accountants … or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). *See also Tevis v. Wilke, Fleury, Hoggelt, Gould & Birney, LLP (In re Tevis),* 347 B.R. 679, 687 (9th Cir. BAP 2006) ("Section 327(a) requires the application of a two-pronged test for employment of

professional persons."). In a chapter 11 case, a debtor in possession has the powers and duties of a trustee. *See* 11 U.S.C. § 1107(a).

The burden is on the applicant to come forward with facts pertinent to the proposed professional's eligibility and to make full, candid, and complete disclosures. *See* Fed. R. Bankr. P. 2014(a); *In re B.E.S. Concrete Products, Inc.,* 93 B.R. 228, 237 (Bankr. E.D. Cal. 1988). The applicant must also demonstrate the proposed professional's competency and that the services to be performed are necessary and in the best interest of the estate. *See In re Kroeger Prop. and Dev., Inc.,* 57 B.R. 821, 823 (9th Cir. BAP 1986). *See also In re Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012) ("If an application lacks sufficient information to convince the Court that the proposed professional is the best choice to represent the estate, the Court has discretion to deny the application.").

Bankruptcy Rule 2014(a) requires the debtor and the proposed professional each to disclose "all of the [professional's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants …." Fed R. Bankr. P. 2014(a). *See also Neben & Starrett, Inc. v. Chartwell Financial Corp.* (*In re Park-Helena Corp.*), 63 F.3d 877, 880-81 (9th Cir. 1995); *Mehdipour v. Marcus & Millichap (In re Mehdipour),* 202 B.R. 474, 480 (9th Cir BAP 1996)("a professional has a duty to make full, candid and complete disclosure of all facts concerning his transactions with the debtor" and "must disclose all connections with the debtor, creditors, and parties in interest, no matter how irrelevant or trivial those connections may seem.").

Bankruptcy Rule 2014(a) also requires disclosure of the "specific facts showing … the *reasons for the selection*" of the professional person. Fed. R. Bankr. 2014(a) (emphasis added). *See also In re Guy Apple Masonry Contractor, Inc.,* 45 B.R. 160, 162 (Bankr. D. Ariz. 1984)

("That Rule requires an application reflecting the specific facts requiring employment, the name of the person to be employed, *reasons for the selection* ….") (emphasis added).

These disclosures should be contained in the employment application itself, clearly and concisely, with evidence in support referenced so that parties are not required to attempt to discover the disclosures from other documents. *See In re Begun*, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993) ("Neither the Court nor anyone else has a duty to search the record or beyond it for existence of conflicts of interest of professionals sought to be employed or relationships required to be disclosed by Rule 2014(a).").

**2.     The Application Fails to Make Necessary Disclosures.**

The Application omits information that is relevant under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a).

Some of the information can be gleaned only from sources *other than the Application*, including the declaration and exhibits (which contain additional information not contained in the Application), the Rule 2016(b) disclosure (which is not part of the moving papers, not referenced in the moving papers, and was filed on a separate date and time), and the Statement of Financial Affairs (also not part of the moving papers, not referenced in the moving papers, and was filed on a separate date and time). Other information is missing altogether.

Among other things, the Application fails to disclose:

1) All services rendered by Counsel to the Debtor pre-petition;

2) All fees billed and/or received by Counsel pre-petition; and

3) Whether the Debtor is aware of any connections between Counsel and parties in interest (Counsel made a separate disclosure in the exhibit to the Application; the Debtor's disclosure is also required).

5

### 3. Some Terms and Conditions of the Retainer Agreement Are Unreasonable.

Counsel and the Debtor bear the burden of proof "to establish that proposed terms and conditions of the employment are reasonable." *See In re C&P Auto Transport, Inc.*, 94 B.R. 682, 686 (Bankr. E.D. Cal.1988). Here, several terms in Counsel's retainer agreement are unreasonable and should not be approved.

*First*, the retainer agreement characterizes the retainer payment as being "not refundable." Nevertheless, a "putatively nonrefundable retainer is made vulnerable to refund under any of three provisions of the Bankruptcy Code – section 329 review for reasonableness, preference, or fraudulent transfer." *Id.* at 687.

Thus, any Order approving Counsel's employment should provide that: "All funds received in connection with this matter for post-petition services, regardless of whether they are denominated a retainer or are said to be non-refundable, are deemed to be an advance payment of fees and to be property of the estate."

*Second*, the retainer agreement includes an agreement to arbitrate disputes. While arbitration enjoys a "favored status," disputes relating to 11 U.S.C. §§ 327 through 331 "fall within the extremely narrow category of disputes which Congress probably never envisioned being delegated to nonjudicial entities for resolution." *See In re Home Express, Inc.*, 226 B.R. 657, 659 (Bankr. N.D. Cal. 1998).

*Finally*, the arbitration provision provides that the prevailing party may recover attorney's fees. It is, however, black letter law that Counsel would not be entitled to an award of compensation under Section 330 for fees incurred in a fee dispute. Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158, 2169 (2015) ("Because § 330(a)(1) does not explicitly override

the American Rule with respect to fee-defense litigation, it does not permit bankruptcy courts to award compensation for such litigation.").

## V. RESERVATION OF RIGHTS

The Debtor has not instituted a prospective budget for Counsel's fees. The United States Trustee reserves the right to object to any and all of Counsel's fees on any and all grounds, including, that, in the absence of a prospective budget, Counsel's fees are not commensurate with fees awarded in non-bankruptcy matters. *See* 11 U.S.C. § 330(a)(3)(F).[1]

## VI. REQUEST FOR JUDICIAL NOTICE

The U.S. Trustee requests this Court to take judicial notice of the docket and the contents thereof in this case pursuant to Rule 201 of the Federal Rules of Evidence.

## VII. CONCLUSION

WHEREFORE, the U.S. Trustee requests that this Court deny the Application and grant such other and further relief as is just and appropriate under the circumstances.

June 11, 2018                                       Respectfully submitted,

   /s/   Jason Blumberg
Jason Blumberg, Trial Attorney
Attorney for Tracy Hope Davis
United States Trustee

---

[1] The United States Trustee's office is informed and believes that the Debtor intends to supplement the Application with (i) the disclosures contemplated by the Appendix B Guidelines and (ii) the retention agreement. The United States Trustee reserves the right to present additional objections at the hearing in the event the supplement is not filed.