7

**TERRI H. DIDION  #133491**
Trial Attorney
GREGORY S. POWELL #182199
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030
Email:  terri.didion@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re: | Case No. **18-11651** |
| | Chapter 11 |
| **GREGORY JOHN te VELDE,** | |
| | **D.C. No. UST-002** |
| | |
| | Date: August 22 2018 |
| | Time: 1:30 p.m. |
| Debtor. | Place: 2500 Tulare Street |
| | Fresno, California |
| | Judge: Fredrick E. Clement |

**DECLARATION OF KRISTIN A. MCABEE IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a), OR IN THE ALTERNATIVE, TO DIMISS CASE PURSUANT TO 11 U.S.C. §1112(b)**

I, Kristin A. McAbee, declare as follows:

    1.  My name is Kristin A. McAbee, and I am a resident of Fresno County, California.  I am over eighteen (18) years of age, of sound mind, and fully competent to make this declaration. I have personal knowledge of the facts contained in this declaration, and they are all true and correct.

    2.  I am a Bankruptcy Analyst employed by the United States Department of Justice, Office of the United States Trustee in Fresno, California, and I have been so employed since September 19, 2004. I received a Bachelor of Science degree in Business Administration from Fresno State University in 1993, and was licensed as a Certified Public Accountant in the State of California on September 3, 2002.

1

3. Prior to September 19, 2004, I was engaged in private practice as a Certified Public Accountant with the firm of Stoughton Davidson Accountancy Corporation in Fresno, California, providing auditing, accounting, management consultation and tax services for individuals, C-corporations, S-corporations, general partnerships, estates, governmental entities and special districts. I performed services for clients engaged in manufacturing, farming, retail sales and personal services. Accounting services that I performed included reviewing and formulating financial projections and forecasts for business entities.

4. The U.S. Trustee is an official of the United States Department of Justice, charged by statute with the duty to oversee and supervise the administration of bankruptcy cases and take action to ensure that all reports, schedules, and fees required under Title 11 are properly and timely filed pursuant to 28 U.S.C. § 586. As part of my duties as a Bankruptcy Analyst, I am responsible for the supervision of chapter 11 cases in Bakersfield and Fresno, California. This supervision includes: monitoring chapter 11 cases; reviewing petitions, schedules, statements and related documents, and pleadings filed by a chapter 11 debtor and other parties in interest; soliciting unsecured creditors for member to an Official Committee of Unsecured Creditors appointed by the United States Trustee; conducting the Initial Debtor Interview and requesting documents related to the Interview; reviewing Monthly Operating Reports; monitoring plans and disclosure statements; and other such other actions as the United States Trustee deems appropriate.

5. This declaration is based upon facts of which I have personal knowledge, as well as judicially-noticeable facts, such as filing dates, apparent from the court's records in this proceeding. This declaration is made in my official capacity as a representative of the U.S. Trustee, without waiving the attorney client privilege or the work product privilege.

/ / / / /

/ / / /

/ / / /

2

## A. The Initial Debtor Interview of May 29, 2018.

6. On May 29, 2018, I conducted an Initial Debtor Interview ("IDI") of Debtor, Gregory John te Velde. Debtor's Counsel, Riley Walter, Counsel's assistant Nicole Medina, and Debtor's bookkeeper Robin Ferrara were present. Terri Didion and Robin Tubesing for the Office of the United States Trustee also attended the IDI. In preparation for the IDI, I requested that Debtor, through his Counsel's office, provide me with various documents.

7. During the IDI, Debtor represented that he has been in the dairy business for 37 years. He currently operates three dairies as dbas, GJ te Velde Dairy in Tipton, CA, Pacific Rim Dairy in Corcoran, CA and Lost Valley Farm in Boardman, OR. Each dairy has a Herdsman/manager. Debtor's son, Carson te Velde is the general manager of the California dairies and the general manager of the Oregon Dairy, Travis, Love, resigned post-petition. He has not been replaced as of the IDI, and Debtor is unsure if he is now the general manager of the Oregon Dairy. The dairies as a whole, also have a part-time controller and a bookkeeper.

8. Debtor claims to spend half his time at the California dairies and half his time at the Oregon dairy. He relies on his General Managers to run the daily operations of the dairies. Debtor was unable to articulate what his duties are in regards to the dairies.

9. Debtor employs approximately 230 persons for all 3 dairies.

10. Because the dairies are the sole proprietorships of Debtor, he pays his personal expenses through the GJ te Velde Dairy checking account or withdraws cash. When I inquired of Debtor the amount of money he spends for his own personal use and that of his household, he was unsure how much money he spends.

11. Debtor stated at the IDI that the reason he filed for chapter 11 was mostly due to low milk prices. Debtor was also using profits from the California dairies to pay for the construction of the Oregon Dairy. The Oregon property was purchased in 2015 as raw land with an abundance of trees. The land had to be cleared of the trees and the dairy

was built from the ground up. Construction of the Oregon dairy commenced in December 2015, and it began operating in April 2017.

12. In February 2018, Debtor was sued by the State of Oregon for mismanaging manure and wastewater, allowing liquid manure and wastewater to overflow the storage lagoons. Debtor and the State of Oregon reached a settlement agreement in March 2018 that would allow the Oregon dairy to operate in a limited capacity until the wastewater treatment system is fully functional. As of the date of the IDI, the Debtor admitted he was still not in compliance with the settlement agreement.

13. Debtor admitted at the IDI that he has a drug addiction to methamphetamine, which began when he was in college (Debtor is approximately 60 years old now). He has been in treatment programs 3 times, in 2004, 2015 and in March 2018. He completed the first two programs, but left the program he entered in March 2018 after a couple of weeks to attend to the dairies. Debtor believes he will return to the same treatment program in approximately 6 months when the business operations of the dairies are stabilized. His reason given at the IDI for potentially re-entering this program is to get away and relax, and that he likes the guy who runs the program because he plays golf.

14. Debtor admitted that he has used methamphetamine since filing for bankruptcy and that he was high 2 days prior to the IDI. He stated at the IDI that he uses methamphetamine weekly.

15. Because Debtor did not produce all of the documents I requested prior to the IDI, I continued the IDI to June 19, 2018.

**B. The Continued Initial Debtor Interview of June 19, 2018.**

16. On June 19, 2018, I conducted the Continued Initial Debtor Interview ("CIDI") of Debtor, Gregory John te Velde. Debtor's Counsel, Riley Walter was present. Terri Didion and Robin Tubesing for the Office of the United States Trustee also attended the CIDI. In preparation for the CIDI, I requested that Debtor, through his Counsel's office, provide me with additional documents.

4

17. Prior to the CIDI, Debtor filed his Monthly Operating Report ("MOR") on June 14, 2018, covering the period of April 26, 2018 through May 31, 2018. In preparation for the CIDI, I reviewed the MOR and the related attachments.

18. I asked Debtor about cash withdrawals totaling $25,000 from the GJ te Velde Ranch bank account for the period January 26, 2018 through March 15, 2018. Debtor indicated that he uses cash to pay for personal expenses and for gambling. Debtor verified that of the $25,000 withdrawn, $17,300 was used for gambling most likely at Tachi Palace Hotel and Casino.

19. Debtor also indicated that he has continued to gamble post-petition approximately 1-2 times per week spending $2,000-$7,000 per month. Any winnings from gambling are reduced to cash and kept by the Debtor. Debtor was unsure how much he has won since the bankruptcy was filed, and no winnings are listed in the MOR.

20. Regarding cash, Debtor stated that he has $7,000-$8,000 at his home in a safe. The cash is not reported on the MOR.

21. Prior to the CIDI, I reviewed the various bankruptcy court orders authorizing the use of cash collateral. Debtor was permitted to receive an owner's draw of $2,500/week. From the period May 8, 2018 through June 2, 2018, I calculated that Debtor was allowed to use a total of $10,000 of cash collateral has an owners draw.

22. The MOR indicates that Debtor received deposits of $25,853.04 into his personal debtor-in-possession bank account. [Schedule A Recap of Cash Accounts]. Schedule B of the MOR reflects that Debtor received an owner's draw of $7988.65 from the dairy accounts. [Schedule B Statement of Cash Receipts and Disbursements]. After a review of the detail provided in the bank statements attached to the MOR, Debtor actually received a total of $38,420.55 in the form of cash withdrawals; checks written for payment of personal expenditures; and a payment on Debtor's personal credit card.

23. I asked Debtor at the CIDI to explain why he received $28,420.55 more in owner's draws from cash collateral than what he was authorized by the Court to receive. Debtor could not provide an explanation other than he had never had a personal bank

5

account; that prior to filing chapter 11 he withdrew whatever cash he needed and had his bookkeeper pay his expenses from the dairy accounts.

24. Debtor was also asked by me at the CIDI about $20,500 in cash withdrawals that he had taken post-petition from the dairy and his personal debtor in possession accounts according to the bank statements attached to the MOR. Debtor stated that he was unsure of what he did with the cash, but believes that he used it for gambling at Tachi Palace Hotel and Casino.

25. Debtor provided account statement for Citizens Bank that he used as his personal account prior to the bankruptcy filing. The account was opened on March 27, 2018, with an opening deposit of $462,013.74. Other deposits were made as follows: $51,292.21 on April 2, 2018; $9,197.84 on April 18, 2018; $42,250.70 on April 20, 2018; and a wire transfer of $100,000 on April 25, 2018. [*See* Exhibit A]. I asked Debtor what the source was for each of these deposits, and he did not know.

**C. Other Financial Transactions.**

26. Debtor provided an account statement from Morgan Stanley for the period May 1, 2018 through May 31, 2018. [*See* Exhibit C]. On May 2, 2018, Debtor withdrew $12,400 from the account and deposited the funds in his Citizens Bank Account. The Morgan Stanley account is not disclosed on Debtor's Schedule A/B.

27. On April 25, 2018, Debtor received a wire transfer of $100,000 into his pre-petition Citizen's Bank Account. The balance in this account on April 25, 2018, was $164,079.41. Debtor's Schedule A/B reflects on April 26, 2018-the day Debtor filed chapter 11- that the Citizen's Bank account was overdrawn by <$24,898.65>.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

28. On May 30, 2018, I requested by email communication through Debtor's Counsel's office for Debtor's personal credit card statements for the prior 12 month period. I received some, but not all of the statements. Based on my review of the statements received, Debtor incurred $171,676.40 in charges between March 7, 2017 and March 1, 2018. Of that amount, $77,069.19 was spent on gambling.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 13, 2018, in Fresno, California.

/s/ Kristin A. McAbee
Kristin A. McAbee

E filer: Terri H. Didion
Attorney for Tracy Hope Davis
United States Trustee