No. of Pages 3

JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310)
*rrogan@jmbm.com*
BENNETT G. YOUNG (Bar No. 106504)
*byoung@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:   (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Secured Creditor Rabobank, N.A.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re<br><br>GREGORY JOHN TE VELDE,<br><br>Debtor. | Case No. 18:11651-A-11<br><br>Chapter 11<br><br>**D.C. No.:**   **WW-1**<br><br>**RABOBANK, N.A.'s OBJECTION TO CONTINUED USE OF CASH COLLATERAL**<br><br>Date:    August 29, 2018<br>Time:    1:30 p.m.<br>Place:   2500 Tulare Street<br>              Fresno, CA  93721<br>Dept:    Courtroom 11, Dept. A<br>Judge    Hon. Frederick E. Clement |

Secured Creditor Rabobank, N.A. ("Rabobank") objects to the Debtor's continued use of cash collateral and to his proposed budget for the period September 1, 2018 to October 31, 2018 on each of the following grounds:

1.  <u>No Payments to Secured Creditors</u>. The Debtor does not propose to make any payments to Rabobank or his other secured creditors. By the time of the continued hearing on August 29, this case will have been pending for four months and by the end of the budget period the Debtor's bankruptcy case will be six months old, yet the Debtor has not paid a penny of interest to his secured creditors. The continued accrual of interest on the Debtor's hundreds of millions of dollars of secured debt erodes Rabobank's collateral and unfairly shifts the risks onto

Rabobank and the other secured creditors.

The Debtor's operations are barely break even on a cash flow basis, even though the Debtor will receive a huge subsidy from Rabobank and his other secured creditors in the form of a six month interest holiday. The Debtor's proposed budget, Exhibit A to the Second Amended Notice of Continued Hearing on Motion for Continued Use of Cash Collateral and to Borrow Money on a Secured Basis and Notice of Cash Collateral Budget for September 1 to October 31, 2018 (dkt. no. 748), projects total cash receipts of $15,316,857 during the budget period and expenditures of $15,300,056, for net positive cash flow of just $16,804. Obviously, if the Debtor were paying the interest on his secured debt, his operations would be hugely negative on a cash basis.

Furthermore, Rabobank's collateral position has been adversely affected by the Court's recent decision in *te Velde v. Rabobank, N.A., et al.*, adv. no. 18-01030. In that case the Court held that certain agricultural service liens ("ASL's") did not attach to the proceeds of the Debtor's sales of milk to Columbia River Processing ("CRP") and therefore that milk proceeds of $1,221,793 held by CRP were not subject to such ASL's. Judgment, dkt. no. 138. However, the ASL's, if valid, encumber the Debtor's livestock in Oregon, Or. Rev. Stat. § 87.226(1), and prime Rabobank's lien in the livestock. *Id.* § 87.146(e). Thus, the effect of the Court's decision is that the holders of ASL's will seek to enforce their liens against the Debtor's herd, further eroding Rabobank's collateral position.

2. <u>Payments for Environmental Compliance</u>. The Debtor proposes to pay a total of $450,985 during the budget period for environmental compliance. There is no evidence as to on what exactly the Debtor proposes to spend these funds. Rabobank assumes these amounts are to address the ongoing environmental issues at the Lost Valley Farm that resulted in the State of Oregon revoking the Debtor's CAFO permit. Indeed, Rabobank understands that following a hearing held on August 24, 2018, the Oregon state court found the Debtor to be in contempt under the stipulated judgment between the Debtor and the State of Oregon.

Rabobank fully supports bringing Lost Valley Farm into compliance. However, there is no evidence that the environmental compliance work the Debtor proposes to perform has been

approved by the State of Oregon. Nor is there any evidence that payment of these amounts will resolve the environmental issues and bring the Debtor into compliance with his CAFO permit or what the total cost will be to bring the Debtor into compliance. Rabobank objects to any expenditure of its cash collateral to pay for work that has not been approved by the State of Oregon. The Debtor must come into compliance; spending money on work that has not been approved does not help and is wasteful.

      Furthermore, the Debtor should disclose the total expected cost to address all of the State of Oregon's concerns. The Debtor and his creditors need to know what the entire bill is anticipated to be.

      3.    <u>Cow and Calf Sale Proceeds</u>. The Debtor forecasts cash proceeds from the sale of heifers and bull calves of $142,000 and from the sale of cull cows at his two California dairies of $668,000, for total proceeds of $810,000. The Debtor proposes to spend these proceeds on his operating expenses. Rabobank has the senior lien in these animals and their proceeds. Their sale and the use of the proceeds depletes Rabobank's collateral. Accordingly, these proceeds of Rabobank's collateral should be paid to it.

      4.    <u>Professional Fees</u>. The Debtor proposes to pay over $700,000 in professional fees from Rabobank's cash collateral during the budget period. Rabobank objects to the use of its cash collateral to pay these expenses.

DATED: August 27, 2018　　　　　　JEFFER MANGELS BUTLER & MITCHELL LLP
　　　　　　　　　　　　　　　　　RICHARD A. ROGAN
　　　　　　　　　　　　　　　　　BENNETT G. YOUNG

　　　　　　　　　　　　　　By:　　/s/ BENNETT . YOUNG
　　　　　　　　　　　　　　　　　　BENNETT G. YOUNG
　　　　　　　　　　　　　　Attorneys for Secured Creditor Rabobank, N.A.