NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

GREGORY JOHN TE VELDE

Debtor.

Case No. 18-11651-A-11

MEMORANDUM

UST-2

Argued and submitted on August 22, 2018

at Fresno, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:  Terri H. Didion for the U.S. Trustee;
Riley C. Walter, Walter Wilhelm Law Group
for Gregory te Velde; Richard A. Rogan,
Jeffer Mangels Butler & Mitchell LLP for
Rabobank, N.A.; Don J. Poole, Wild, Carter
& Tipton for J.D. Heiskell Holdings, LLC;
Sara L. Chenetz, Perkins Coie LLP for
Boardman Tree Farm, LLC; Hagop T. Bedoyan,
Klein, DeNatale, Goldner, Cooper,
Rosenlieb & Kimball LLP for Conway Hay
Sales; Craig A. Tristao, Coleman &
Horowitt, LLP for Western Ag Improvements,
Inc.; David R. Jenkins for Michael
Schoenau; Carolyn G. Wade for the State of
Oregon; Mikel R. Bistrow, Dinsmore & Shohl
LLP for VFS US LLC; Gloria M. Oates, Dutra
& Oates for Golden State Farm Credit; and
Ronald A. Clifford, Blakeley LLP for the
Official Committee of Unsecured Creditors.

For cause, the court may remove the debtor in possession and order the appointment of a trustee.  Gregory te Velde ("te Velde"), who operates as a sole proprietorship, owns three dairies in two states with approximately 53,000 animals.  Te Velde, personally, filed for chapter 11, becoming the debtor in possession and a fiduciary for his creditors.  Since filing, he has continued his long-standing habits of methamphetamine usage and gambling.  Drug usage has occurred once or twice per week, and he has gambled estate monies of $2,000-$7,000 monthly.  Te Velde borrowed $205,000 without court authorization and, in a one-month period, took personal draws of $28,000 more than authorized.  Does cause exist for appointment of a trustee?

I.    **FACTS**

Te Velde is, and for the past 37 years has been, a dairyman.  He owns and operates three dairies in two states.  He owns 53,382 head of livestock.  His assets have an aggregate value of $248 million, and he owes $160 million.  His largest creditor is Rabobank, who is owed $68 million, and who holds a security interest in the majority of his assets.  His annual revenues are $75-100 million.

Te Velde's personal and business habits are not consistent with a large-scale business operation or his role as a fiduciary.  Historically, he has operated in large part in cash and has continued to do so post-petition.  He has gambled estate funds and continues regular use of methamphetamine.

Three months ago, he sought the protections of chapter 11.  Te Velde, as well as his creditors, and the U.S. Trustee dispute the reasons for the filing.  Te Velde credits his financial problems to factors not associated with lifestyle habits, citing low milk prices,

construction cost overruns associated with his Oregon dairy, and environmental compliance costs largely related to his Oregon operation as the reasons for filing bankruptcy. The U.S. Trustee and creditors perceive that darker forces have caused his insolvency or, if not the cause, preclude te Velde from effectively resolving his debt problems.

## II.    PROCEDURE

The U.S. Trustee has moved to appoint a trustee or, in the alternative, to dismiss the case. The U.S. Trustee is joined by John Deere Construction and Forestry Company, Rabobank N.A., Conway Hay Sales, Boardman Tree Farms, LLC, and the Official Committee of Unsecured Creditors. Te Velde opposes the motion.

## III.   JURISDICTION

This court has jurisdiction. 28 U.S.C. §§ 1334, 157(a),(b)(1); General Order No. 182 of the U.S. District Court for the Eastern District of California. This is a core proceeding in which this court may enter final orders. 28 U.S.C. § 157(b)(2)(A),(O).

## IV.    LAW

Motions to appoint a chapter 11 trustee are governed by § 1104:[1]

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--
>
> > (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and all "Rule" references are to the Federal Rues of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

3

1     of the debtor; or

2          (2) if such appointment is in the interests of
           creditors, any equity security holders, and other
3          interests of the estate, without regard to the number
           of holders of securities of the debtor or the amount
4          of assets or liabilities of the debtor.

5     11 U.S.C. § 1104(a).

6          The burden of proof is on the party seeking appointment of the

7     trustee. *In re William A. Smith Const. Co., Inc.*, 77 B.R. 124, 126

8     (Bankr. N.D. Ohio 1987). Courts are divided as to the quantum of

9     proof required, and the issue is unresolved in the Ninth Circuit.

10    Some courts require clear and convincing evidence. *Adams v. Marwil*

11    *(In re Bayou Group, LLC)*, 564 F.3d 541, 546 (2nd Cir. 2009); *Official*

12    *Committee of Asbestos Claimant v. G-I Holdings, Inc. (In re G-I*

13    *Holdings, Inc.)*, 385 F.3d 313 (3rd Cir. 2004). Other courts believe

14    that the preponderance of the evidence standard applies. *Keeley &*

15    *Grabanski Land P'ship v. Keeley (In re Keeley & Grabanski Land*

16    *P'ship)*, 455 B.R. 153 (8th Cir. BAP 2011); *In re Veblen West Dairy*

17    *LLP*, 434 B.R. 550 (Bankr. D. S.D. 2010). For the purposes of this

18    motion, this court assumes the burden of proof most favorable to the

19    debtor in possession, *viz.* clear and convincing evidence.

20    **V.    DISCUSSION**

21    **A.    Cause**
      Cause is not a defined term. 11 U.S.C. § 1104(a). Whether a

22    particular act or omission rises to the level of cause requires
23
      consideration of all pertinent facts and circumstances. *In re Gen. Oil*
24
      *Distributors, Inc.*, 42 B.R. 402, 409 (Bankr. E.D.N.Y. 1984) ("Implicit
25
      in a finding of incompetence, dishonesty, etc., for purposes of §
26
      1104(a)(1), is whether the conduct shown rises to a level sufficient
27
      to warrant the appointment of a trustee").
28

                                         4

1    The court finds cause: te Velde is unwilling, or unable, to

2    comply with his duties as a fiduciary.[2]  At the outset, the debtor in

3    possession's personal and business habits are not compatible with his

4    role as fiduciary.  Te Velde admits to long-standing methamphetamine

5    usage.  He continued to use methamphetamine one or two times per week

6    post-petition.  He admits that his drug use "has negatively impaired

7    my health, family and business."  Te Velde also has a long-standing

8    practice of gambling large amounts of money.  For example, in the 12-

9    month period prior to seeking the protection of this court, he gambled

10   more than $77,000.  He has continued to gamble post-petition with

11   estate funds in the amount of $2,000-$7,000 per month.

12        Te Velde lacks transparency in his dealings.  He has a history of

13   dealing largely in cash, and his cash transactions are sometimes not

14   reflected in the Monthly Operating Reports.  He admits possession of

15   $7,000-$8,000 in cash in a safe at his home but explains that its

16   omission from the Monthly Operating Report was an "oversight."  Other

17   cash is missing.  When asked to explain a particular $20,500 post-

18   petition cash withdrawal, he initially stated he was unsure what he

19   did with the money but thought it had been used for personal gambling.

20   Later, he offered a different explanation.  "As to the contention of

21   $20,500 in cash withdrawals, a portion of these funds, at least

22   $8,000, was used to pay for use of a plane and a pilot who flew me to

23   and from Oregon where my Lost Valley Farm is located and additional

---

[2] Te Velde's evidentiary objections are overruled.  Kristin A. McAbee has laid
a sufficient foundation for her declaration.  McAbee decl. ¶¶ 5, 6 & 16.
Moreover, her recitation of te Velde's statements during Initial Debtor
Interviews are not hearsay.  Fed. R. Evid. 801(d)(2).

5

cash has been used on various business and travel related expenses. The balance was used on personal living expenses."

The debtor does not abide by the orders of this court or the strictures of the bankruptcy code. For example, post-petition te Velde borrowed $205,000 from Pasco Farms without court approval. A second example is that between May 8 and June 2, he was authorized to take personal draws of $10,000. Instead he took draws of $38,420. When asked to explain this issue, he stated that he was unaccustomed to personal bank accounts, took the cash he needed, and authorized his bookkeeper to pay his personal bills from the dairy accounts.

Te Velde's representations to this court in his pleadings and other filings are not accurate. But one example of this is Schedule A/B filed in support of the petition. According to that schedule his bank account was overdrawn by $24,898 on the date of the petition. Bank statements reveal a balance of $164,000 on that date.

For each of these reasons, cause exits.

**B.    Appointment of a Trustee**

Having found cause, the court must decide whether to order the appointment of a trustee or dismiss the case. Dismissal of the case would return the parties to the same dysfunctional debtor-creditor relationship. Several creditors have particularly indicated a preference for a trustee. The Official Committee of Unsecured Creditors' description is colorful, but apt. It described te Velde as "over his skis" and urged the appointment of a trustee. Placing weight on creditors, who are likely those most effected, the court will order the appointment of a trustee.

VI.   CONCLUSION

For each of these reasons, the motion will be granted, and a trustee appointed.  The court will issue an order from chambers.

Dated: Sep 12, 2018

Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

Gregory John te Velde
5850 Avenue 160
Tipton CA 93272

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

VFS US LLC *c/o Mikel Bristow*
c/o Christopher Celentino
655 W Broadway #800
San Diego CA 92101

*Craig Tristao
Coleman & Horowitt
499 W. Shaw Ave. St. 116
Fresno, CA 93704.2516*
Don J. Pool
246 W. Shaw Avenue
Fresno CA 93704

Carolyn G. Wade
1162 Court St NE
Salem OR 97301-4096

David R. Jenkins
PO Box 1406
Fresno CA 93716

Gloria M. Oates
11335 Gold Express Drive, Suite 145
Gold River CA 95670

Hagop T. Bedoyan
5260 N. Palm Avenue, Suite 205
Fresno CA 93704

Richard A. Rogan
2 Embarcadero Center 5th Fl
San Francisco CA 94111-3824

Riley C. Walter
205 E. River Park Circle, Ste. 410
Fresno CA 93720

Ronald A. Clifford
18500 Von Karman Ave., Suite 530
Irvine CA 92612

Sara L. Chenetz
1888 Century Park East, Suite 1700
Los Angeles CA 90067

Terri H. Didion
2500 Tulare St #1401
Fresno CA 93721