8

**GREGORY S. POWELL #182199**
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721-1318
Tel: (559) 487-5002
Fax: (559) 487-5030
E-mail: greg.powell@usdoj.gov

Attorney for Tracy Hope Davis,
　United States Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| In re<br><br>**GREGORY JOHN te VELDE,**<br><br>　　　　　　　Debtor. | Case No. **18-11651**<br>Chapter 11<br><br>**D.C. No. UST-003**<br><br>Date: N/A<br>Time: N/A<br>Place: 2500 Tulare Street, Fifth Floor<br>　　　Department A, Courtroom 11<br>　　　Fresno, CA 93721<br>Judge: Fredrick E. Clement |

**APPLICATION FOR ORDER APPROVING**
**THE APPOINTMENT OF CHAPTER 11 TRUSTEE**

TO THE HONORABLE FREDERICK E. CLEMENT,
UNITED STATES BANKRUPTCY JUDGE:

　　Tracy Hope Davis, United States Trustee for Region 17, by and through her counsel, hereby applies to this Court pursuant to Federal Rule of Bankruptcy Procedure 2007.1, for an Order approving her appointment of Randy Sugarman as the Chapter 11 Trustee of the estate of Gregory John te Velde (Debtor), Case No. 18-11651. In support thereof, the United States Trustee states:

Filed 09/19/18     Case 18-11651     Doc 840

1. On April 26, 2018, Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

2. On July 13, 2018, the United States Trustee filed a Motion for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a), or In the Alternative, to Dismiss Case Pursuant to 11 U.S.C. § 1112(b) (the "Motion").

3. On August 22, 2018, at 1:30 p.m., the Motion came for hearing before The Honorable Frederick E. Clement, United States Bankruptcy Judge.

4. On September 13, 2018, the Court entered an order granting the Motion in part by directing the appointment of a Chapter 11 Trustee, and denying the request to dismiss the case. [ECF No. 801].

5. Contemporaneously herewith, the United States Trustee is filing with the Court a Notice of Appointment of a Chapter 11 Trustee in this case.

6. In accordance with 11 U.S.C. § 1104(d) and FED. R. BANKR. P. 2007.1(c), the United States Trustee consulted the following parties regarding this appointment:

- Riley C. Walter, Esq., Walter Wilhelm Law Group, counsel for Gregory te Velde;
- Richard A. Rogan, Esq., Jeffer Mangels Butler & Mitchell LLP, counsel for Rabobank, N.A.;
- Don J. Poole, Esq., Wild, Carter & Tipton, counsel for J.D. Heiskell Holdings, LLC;
- Sara L. Chenetz, Esq., Perkins Coie LLP, counsel for Boardman Tree Farm, LLC;
- Hagop T. Bedoyan, Esq., Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball LLP, counsel for Conway Hay Sales;
- David R. Jenkins, Esq., counsel for Michael Schoenau;
- Carolyn G. Wade, Esq., counsel for the State of Oregon;
- Chris Celentino, Dinsmore & Shohl LLP, counsel for VFS US LLC;
- Gloria M. Oates, Esq., Dutra & Oates, counsel for Golden State Farm Credit;
- Richard C. Conway, Esq., Kahn, Soares & Conway LLP, counsel for Overland Stock Yards; and,
- Ronald A. Clifford, Esq., Blakeley LLP, counsel for the Official Committee of Unsecured Creditors.

7. After consultation with the parties in interest who are listed above, the United States Trustee selected and appointed Randy Sugarman to serve as Chapter 11 Trustee in the above-captioned case.

8. To the best of the United States Trustee's knowledge, the Chapter 11 Trustee has no connections with the Debtor, his creditors, any other party in interest, their respective attorneys, the United States Trustee, and persons employed in the Office of the United States Trustee, other than those connections set forth on the Declaration of Disinterestedness by Randy Sugarman, a copy of which is annexed hereto as Exhibit A.

WHEREFORE, the United States Trustee requests that the Court enter an Order Approving the Appointment of Randy Sugarman as the Chapter 11 Trustee in the case of Gregory John te Velde, pursuant to 11 U.S.C. § 1104 and FED. R. BANKR. P. 2007.1(c), and for such other and further relief as may seem just and proper in the above described matter.

Dated: September 19, 2018

Respectfully submitted,

/s/ Gregory S. Powell
Gregory S. Powell
Assistant United States Trustee

Attorney for Tracy Hope Davis,
 United States Trustee

**Randy Sugarman**
**583 First Street West**
**Sonoma, CA 95476**
**Phone: 415-395-7501**
sugarmanco@gmail.com

## **STATEMENT OF QUALIFICATIONS AND DISINTERESTEDNESS**

I, Randy Sugarman, hereby state the following under penalty of perjury, 18 U.S.C. § 1001.

1. I am a principal of the firm of Sugarman & Company LLP with over fifty years of professional experience. I am a Certified Public Accountant (CPA), a Certified Fraud Examiner (CFE), a Certified Insolvency and Reorganization Advisor (CIRA) and Certified in Financial Forensics by the American Institute of Certified Public Accountants (CFE).

2. As a trustee I have acted mainly as a Chapter 11 Trustee and on two occasions as a Chapter 7 Trustee. The Chapter 11 cases I have been appointed in were operating businesses in crisis including agricultural businesses. I have acted as a workout consultant and crisis manager for both public and private companies including those in the agricultural business. One of the public companies was one of the largest frauds in Northern California and one of the agricultural operations included over a $100 million of debt and thousands of missing cows who were allegedly collateral for millions of dollars of bank debt.

3. I have substantial experience including experience as a workout consultant, federal bankruptcy trustee, federal bankruptcy examiner, special master for the federal district court, state court referee, expert for several state courts, state court receiver, assignee for benefit of creditors, third director appointed by the state court, chief restructuring officer of a $300 million NYSE company in bankruptcy and ultimately the chairman of the board. I have acted as the financial advisor to many creditors' committees and have acted as liquidating trustee in several bankruptcies.

4. I was appointed as a Chapter 11 Trustee in the Jeffrey Alexander, DDS, Inc. case which was a failing $6 million dental practice. I was able to turn the profitability of the operations around with the cooperation of the two owner dentists, settle the $7 million wage and hour claim, reorganize the company so that it exited Chapter 11 and repaid all of its creditors including the settlement of the wage and hour claim in eight months of exiting Chapter 11 instead of seven years set forth in the plan of reorganization.

5. I was appointed the Chapter 11 Trustee of the Empyrean Towers in Oakland, California after a state court health and safety receiver was appointed by the

**Exhibit A**

state court; the owner then filed Chapter 11. The property had substantial security issues, maintenance and repair issues and no heat right before the holidays when I took charge. I was able to secure a debtor in possession priming loan over the objections of the secured bank lender, had the heat operable within days and began the task of making sufficient repairs to continue the daily operations of the single room occupancy hotel with the consent of the City of Oakland building department. I resolved the security issues and was able to enter into a sale agreement with a major non-profit housing group in the East Bay. Ultimately with a fully noticed sale, the cooperation of the City of Oakland, which I negotiated, and various housing advocates I was able to sell the property in a staged sale which closed for $5.2 million 16 months after I took charge as a Chapter 11 Trustee. I subsequently, through various counsel, participated in a $3 million plus settlement for the benefit of the various tenant groups suing the hotel with some proceeds for the Estate.

6. I was appointed the Chapter 11 Trustee of Yellow Cab Cooperative in November 2016 when after eleven months in Chapter 11 the Estate was administratively insolvent. The Estate had incurred approximately $2 million in professional fees due to constant fighting and litigation between the company's counsel and the creditors committee. The Creditor's Committee represented approximately $47 million of personal injury claims and other unsecured debt against the company. One claim had already been adjudicated for $8 million due to the seriousness of the plaintiff's injuries. More than seven years ago (i.e. beyond the statute of limitations) the company had distributed to its shareholders its interest in the company's principal location. The site was in the process of being sold to a major developer for $24 million with net proceeds estimated of approximately $13 million. Within three weeks of my appointment I was able to convene a mediation between the company and the creditors committee that seemed to be going nowhere the first half of the day due to unreasonable demands and unreasonable expectations. With the assistance of the mediator, Judge Randy Newsome, I took charge of the mediation and mediated an $8.2 million settlement with the representative of the entity that owned the land.

Also, when I took charge of Yellow Cab Cooperative operations it was its low season and it was losing cash. I stopped the loss of cash and immediately began installing a safety culture since the company was sustaining twelve accidents per week, three times industry averages, and the company's insurance carrier was threatening to not renew its liability insurance. I then analyzed operations and concluded that the cost of rehabilitating the company and its lack of safety culture was too risky and sold the operations including all of the vehicles at an overbid auction. Subsequent to the sale of the operation, I was able to sell the remaining term on the site lease to the buyer of the site for $500,000.

I then with the cooperation of the creditors counsel developed a liquidating plan and made the first distribution from what had been an administrative estate in early July of 2018 and I am making a second distribution next week having just

Exhibit A

settled the Directors and Officers litigation and liquidated a substantial asset tied up in state court. I am expecting to make a final distribution in 2019.

7. I was appointed Chapter 11 Trustee in the Dwight and Helen Mebane agriculture case located near Bakersfield. Dwight Mebane allegedly owned thousands of head of cattle and operated the Western Stockman Market north of Bakersfield where he auctioned cattle in addition to his various ranches. Prior to my appointment he took the Fifth Amendment and refused to cooperate including producing any substantial books and records. The principal secured creditor, the Sacramento PCA, prior to my appointment had taken control of their collateral at what appeared to be a loss. The other allegedly secured cattle lenders were Bank of America, Bank of the West, CalTex and M&M however my investigation indicated they had not segregated their collateral and/or had brand control of their collateral. They funded part of a preliminary investigation of the situation including the cost of determining whether there was any possibility of recovering any lost funds. Unfortunately, the expected costs of a complete investigation outweighed the potential benefits of the cost given the risks of not recovering any substantial amounts and the case was ultimately dismissed.

8. I acted as the financial advisor and workout consultant for the Areias Dairies located near Los Banos, California. The dairy had more than 1,000 cows under a three times a day milking program and large waste water operations. I was involved in attempts to sell the dairy and restructure the various debt with Bank of America and finally negotiated a settlement with Bank of America.

9. I was appointed as a federal bankruptcy examiner in a tomato grower case where the secured lender funded the completion of the growing and harvesting of the crop. The crop under our supervision was harvested and the lender and the grower were paid.

10. I was appointed a federal bankruptcy examiner to determine the accounting for the liquidation of various herds of cattle in northern California after the owner died and there was a significant dispute over profit sharing with a broker and the widow. My report was the basis of a final settlement.

11. I was the financial advisor and accountant to a major creditor in several of the large California cannery cases including T.H. Richards, California Canners and Growers, Tri-Valley Growers and others.

12. I operated DC Charter as Chairman of the Board, Chief Executive Officer and Chief Restructuring Officer several years ago, the largest Medicaid HMO in Washington DC. I not only operated and subsequently sold the company but initiated and supervised three major pieces of litigation – one against Washington DC for $25 million which I settled for $10 million plus, one case against the Baltimore Prison System (the State of Maryland) for over $6 million which I had to take up on appeal but won and collected over $3 million from

the State of Maryland including interest on interest and another against the State of New Jersey which I settled for $2 million.

13. Neither I, nor any principal nor employee of Sugarman & Company LLP, has any connection with the debtor, its creditors, any other party in interest, their respective attorneys, if any, and accountants, if any, the United States Trustee, or any person employed in the Office of the United States Trustee.

14. Neither I, nor any principal nor employee of Sugarman & Company LLP, represents any interest adverse to the Estate.

15. Neither I, nor any principal nor employee of Sugarman & Company LLP has entered into any agreement to share any compensation awarded to me for services in this matter.

16. None of the council or firms mentioned above owes me and/or Sugarman & Company LLP any funds. I am disinterested with respect to all the parties to the best of my knowledge in this matter.

17. My hourly rate is $495 and I would consider some discount up to 10% of my fees depending on the facts and circumstances at the completion of the case. I am not sure I will be able to charge my full rate given the time I anticipate is required to achieve a satisfactory result.

18. I would notify the US Trustee, the court and the parties who request notice of any rate increase although I do not anticipate any rate increase this year.

19. I may decide to engage Sugarman & Company LLP for accounting matters, if appropriate, but all of my time would be charged as a Chapter 11 Trustee since I plan on performing a substantial portion of the work given the nature of the issues involved.

20. If the US Trustee was to appoint me or notify me of such appointment by or on Wednesday, September 19, 2018 and or contacte me they were doing so I would be willing and able to begin my tasks in Tipton and/or Corcoran, on September 20, 2018.

21. I have had preliminary contacts with several experienced counsel I know who have represented me in the past or represent me now or who have been adverse to me. Given the nature of the case I would consult with various parties in interest in selecting counsel in order to minimize costs and to be as effective as possible. Whoever I propose as counsel will be subject to conflicts checks and approval by the court.

22. I acknowledge that I will comply with the Bankruptcy Code, Bankruptcy Rules, including that retention and compensation must be approved by the court.

Exhibit A

23. I acknowledge that the United States Trustee expects compliance with the United States Trustee's guidelines, Chapter 11 Trustee Handbook and other guidance, and cooperation with the United States Trustee, including periodic reports.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, that I have personal first-hand knowledge thereto, and that this declaration is executed on September 19, 2018.

_____
Randy Sugarman

Exhibit A