## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

---

**Case Title:** Gregory John te Velde      **Case No.:** 18-11651 - B - 11
                                            **Docket Control No.** WJH-5
                                            **Date:** 02/25/2020
                                            **Time:** 9:30 AM

**Matter:** [3039] - Motion/Application for Compensation [WJH-5] by the Law Office of Wanger Jones Helsley PC for Riley C. Walter, Special Counsel(s). Filed by Riley C. Walter (fdis)

**Judge: René Lastreto II**
**Courtroom Deputy: Debbie Chavez**
**Reporter: Not Recorded**
**Department: B**

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

### CIVIL MINUTES

Motion Granted, Resolved without Oral Argument

The Moving Party shall submit a proposed order in conformance with the ruling below.

The motion was set for hearing on 28 days' notice as required by Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of the creditors, the debtor, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest were entered and the matter was resolved without oral argument. Upon default, factual allegations will be taken as true (except those relating to amount of damages). Televideo Systems, Inc. v. Heidenthal, 826 F.2d

915, 917 (9th Cir. 1987). Constitutional due process requires that a plaintiff make a prima facie showing that they are entitled to the relief sought, which the movant has done here.

The motion was GRANTED. Trustee's special counsel, Wanger Jones Helsley PC, requests fees of $23,670.50 and costs of $1,256.17 for a total of $24,926.67 for services rendered from October 1, 2019 through December 26, 2019. Doc. #3039.

11 U.S.C. § 330(a)(1)(A) & (B) permits approval of "reasonable compensation for actual necessary services rendered by . . .[a] professional person" and "reimbursement for actual, necessary expenses." Movant's services included, without limitation: (1) Continuing to work with the Trustee and his counsel relative to environmental compliance; (2) Arranging for the sale of remaining assets at the Debtor's G.J. te Velde Dairy, which was set to close on January 23, 2020; (3) Making appearances for various matters relating to the pending litigation in and out of district; and (4) Preparing documents for the Estate's IRZ litigation. Doc. #3041. The court finds the services reasonable and necessary and the expenses requested actual and necessary.

Movant was awarded $23,670.50 in fees and $1,256.17 in costs.