UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | ) Case No. 18-11651-B-11 |
| | ) |
| **GREGORY JOHN te VELDE**, | ) DC No. SG-1 |
| | ) |
| Debtor. | ) Date: June 30, 2020 |
| | ) Time: 9:30 a.m. |
| | ) Department B, Judge Lastreto |
| | ) Fifth Floor, Courtroom 13 |
| | ) 2500 Tulare Street, Fresno, CA |

### RULING ON MOTION FOR LEAVE TO FILE CLASS CLAIM

**Appearances:**

John MacConaghy for Randy Sugarman, Liquidating Trustee; Samantha Smith for Creditor/Class Plaintiffs.

**Ruling on Evidentiary Objection**

Trustee Randy Sugarman ("Trustee") objects to one portion of two declarations filed by the claimants. Attorneys Karasik (doc. #3245, p. 1 ¶¶ 12-19) and Gomez (doc. #3246, p. 1 ¶ 26 – p. 2 ¶ 9) each testified that Mr. Sugarman did not reveal the infirmities affecting the claim filed by Gomez during a settlement meeting held in Fresno, California. Mr. Sugarman objects to admission of the evidence as barred by Federal Rule of Evidence 408. Doc. ##3266, 3267.

The objection is SUSTAINED if the evidence is offered on the issue of the validity of the claim. The objection is

OVERRULED to the extent the testimony is offered to explain the timeliness of this motion.

Conduct or statements made during a compromise negotiation are inadmissible to prove or disprove the validity or amount of a disputed claim. Fed. R. Evid. 408. Use of the conduct or statement to impeach by a prior inconsistent statement or contradiction is also precluded. Id. Both parties here do not dispute this proffered "conduct" of Mr. Sugarman occurred during a settlement negotiation. So, if claimants intend to offer this testimony to establish Mr. Sugarman believes the claim is valid or intend to suggest Mr. Sugarman's claim objections contradict his legal positions it will not be admitted. But, if the evidence is offered to explain the timing of claimant's motion, it will be admitted and accorded the appropriate weight.

This rule does not establish a privilege as argued by Mr. Sugarman. Rather it is a relevance rule codifying a sound policy: parties should be free to openly discuss their positions in settlement negotiations without fear that disclosure of discussions will prejudice their legal position. This fosters dispute resolution. When that policy is not implicated, the evidence may be admissible. In re Carson, 510 B.R. 627, 639 (Bankr. E.D. Cal. 2014) (evidence admitted on the issue of litigation strategies in attorney's fees dispute); see also, Savoy IBP 8, Ltd. v. Nucentrix Broadband Networks, Inc., 333 B.R. 114, 123 (N.D. Tex. 2005) (settlement negotiations are admissible on the issue of estoppel against one party to the negotiation).

Claimant offered the evidence here to negate a claim of undue delay. It will be admitted for that purpose only. It will not be admitted or considered on the issue of the validity of the claim at issue.

## INTRODUCTION

Movants Manuel De Luna, Jesus Daniel Garay, Francisco J. Perez Hernandez and Jose Antonio Guzman Garcia ("Movants") ask the court for an order extending the applicability of Federal Rule of Bankruptcy Procedure 7023[1] to claim objection proceedings. Doc. #3244. The claim relates to a class certified pre-petition by the Kings County Superior Court. Movants are the named class representatives. An incorrect claim was filed by counsel for the class before the claims bar date. That claim was disallowed without prejudice to claimants seeking leave to file an appropriate claim. Now, the class asks for leave to file a claim and want the court to apply Rule 7023 to consideration of the claim.

A proper claim may be filed within 14 calendar days of entry of the order granting the motion. Rule 7023 will apply to proceedings concerning this claim. But the court is not ruling on the validity of the claim. That will be left to further proceedings.

///

///

///

---

[1]Unless indicated otherwise, references to "Code" or "section" means the U.S. Bankruptcy Code (11 U.S.C. §§ 101-1532). Reference to "Rule" means the Federal Rules of Bankruptcy Procedure. References to "Civil Rule" means the Federal Rules of Civil Procedure.

## BACKGROUND

About five years ago, Movants filed a class action on behalf of more than 250 dairy workers against Gregory J. te Velde dba Pacific Rim Dairy and/or G. J. te Velde Ranch ("Debtor") alleging Debtor failed to pay wages, provide meal and rest breaks, provide accurate wage statements, pay all wages upon employee termination and violated Cal. Bus. And Prof. Code section 17200 et seq. Doc. #3244. The Kings County Superior Court certified the class on February 1, 2016 and a trial date was set for September 10, 2018. Id. The day the bankruptcy petition was filed, April 26, 2018, Movants' counsel received email notice from Debtor's counsel. Id. Movants' counsel received formal notice in mid-May. Id.

Movants, c/o Law Offices of Santos Gomez, were listed as unsecured creditors in Debtor's schedules. See doc. #158, schedule E/F, 4.43, 4.61, 4.64, 4.70, and 4.78. The debt was scheduled as "disputed." Movants, c/o Law Office of Santos Gomez, and Santos Gomez and the Law Offices of Santos Gomez ("Gomez"), were included on the Master Address List filed under Rule 1007(a). Doc. #3. Santos Gomez evidently moved his office, because two weeks after the filing of the master address list, the address for Francisco J. Perez Hernandez (one named class representative) c/o Law Office of Santos Gomez and Santos Gomez for the Law Offices of Santos Gomez was changed on the list from 2901 Park Avenue, B16 in Soquel, CA 95073 to 1003 Freedom Blvd in Watsonville, CA 95076. Doc. #166. All 250 or more class members were not individually mailed notice of the Debtor's filing.

Trustee was appointed by the court early in the case. Trustee proposed a Plan. It was confirmed at the end of 2019. Five months ago, Trustee made an initial distribution under the Plan. Doc. #3264. Section 6.8 of the Plan (doc. #2973) gives the Trustee the right to object to claims. Plan distributions are to be made annually at Trustee's discretion. Section 6.5.3. Trustee is to manage the estate. Section 6.1. No disputed claim receives a distribution until the claim is finally adjudicated. Section 8.4.

The Plan also provides that confirmation will be *res judicata* as to several issues. The confirmed plan does not permit amendments of claims. The plan provides "all persons who have held, currently hold or may hold a . . . claim . . . against the Debtor, the Estate, . . . are permanently enjoined from . . . commencing or continuing in any manner any action or other proceeding . . . ." See doc. #2975, articles 8 and 10. Creditors are bound by the confirmed Plan whether they filed a proof of claim or not. Section 10.1

Counsel for the certified class, Santos Gomez, filed a timely proof of claim for $2,000,000.00. Attached was the operative state court complaint and a settlement conference statement. Trustee objected to allowance of the claim for several reasons including Mr. Gomez lacking standing to file the claim. The court sustained the objection on that ground and gave the class a limited time to seek leave to file an appropriate claim. This motion followed.

///

///

ANALYSIS

1.  Allowance of the late claim

Movants did not ask the court to reconsider disallowance of the claim Gomez filed under § 502(j).  Nor did they ask to amend the claim.  See In re Roberts Farms, Inc., 980 F.2d 1248, 1251 (9th Cir. 1992) (amendment permitted after plan confirmation); Bevan v. Socal Communs. Sites, LLC (In re Bevan), 327 F.3d 994, 998 (9th Cir. 2003) (affirming finding of undue prejudice in allowing a claim amendment subrogating the IRS claim to the subrogee).  No, the class here wants to "start with a clean slate" and asks the court for leave to file "a new claim" effectively withdrawing the first flawed claim.[2]  This means at the threshold, the court must consider grounds to permit the filing of a late claim.

Rule 3003 outlines the time requirements for filing a claim in a chapter 11 case.  Subdivision (c)(3) of this rule states:

> The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), (c)(4), and (c)(6).

Rule 3002(c)(6) states:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:

---

[2] Class counsel, Ms. Smith, confirmed this on the record in response to the court's questions at the hearing on this motion.

> the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or

> the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

The Eastern District of California's Local Rules of Practice ("LBR") further outline claim filing requirements. LBR 3003-1 states:

> Unless otherwise ordered by the Court, and except as provided in Fed. R. Bankr. P. 3003(c)(3), a proof of claim in a chapter 11 case shall be filed within ninety (90) days after the date first set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a), unless the claimant is a governmental unit, in which case a proof of claim shall be filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

Rule 9006(b)(1) gives the court discretion to enlarge time to perform an act after expiration of a specified period when the failure to act was the result of excusable neglect.[3] Though Rules 3003(b)(3) and 9006(b) both provide for extension of time "for cause," the Supreme Court has focused any post-deadline requests for extensions on a finding of "excusable neglect." <u>Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993).

---

[3] The rule precludes this discretion in certain instances and limits exercise of discretion in others. <u>See</u> Rule 9006(b)(2), (3). These limits are not directly applicable here.

The date first set for the § 341 meeting of creditors was June 5, 2018. See doc. #49. Proofs of claim were to be filed by September 4, 2018. Id. Before the bar date, Gomez filed a claim on behalf of himself for $2,000,000.00. Claim #42.[4] But that claim is no longer an issue. That is why the court must analyze the motion as a request to file a late claim and apply the appropriate "excusable neglect" analysis.

In Pioneer, the Supreme Court defined the key inquiry for "excusable neglect:"

- Danger of prejudice to the debtor;
- Length of delay caused by the neglect and potential impact on judicial proceedings;
- The reason for the delay, including whether it was within the movant's control, and;
- Whether the movant acted in good faith.

Pioneer, 507 U.S. at 395.

The decision is an equitable one "taking account of all relevant circumstances surrounding the party's omission." Id. No "single circumstance in isolation compels a particular result regardless of the other factors." Pincay v. Andrews, 389 F.3d 853, 856-57 (9th Cir. 2004) (en banc) (quoting Briones v.

---

[4] Mr. Gomez says he filed the claim to "preserve the claim of the class" notwithstanding the language on the proof of claim form which he signed under penalty of perjury. Doc. #3246. The claim was fatally defective. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members. Reid v. White Motor Corp., 886 F.2d 1462, 1471 (6th Cir 1989) cert. den. 494 U.S. 1080 (1990) citing Davis v. Ball Mem'l Hosp. Asso. Inc., 753 F.2d 1410, 1420 (7th Cir. 1985) quoting E. Texas Motor Freight Sys. v. Rodriguez, 431 U.S. 395 (1977). There is no evidence before the court that Mr. Gomez, co-counsel for the class, would qualify as a class representative.

1  <u>Riviera Hotel & Casino</u>, 116 F.3d 379, 382 n.2 (9th Cir. 1997)).

2  The court will examine the issues now.

3      *Danger of Prejudice* - This factor supports granting the

4  motion.  Debtor's schedules listed the class representative's

5  claim as "disputed."  This required the class to file a claim to

6  participate in the proceedings.  Section 1111(a).  The class did

7  not.  Their attorney did.  No prejudice stemming from this fact

8  has been explained to the court.  The claim was known to Debtor

9  — it was scheduled.  Though the class' legal position is the

10  claim is "new" and should be allowed to be filed, the claim is

11  not actually "new."  The class action was pending for years

12  before this case was filed and the class was certified by the

13  Superior Court.

14      Trustee argues that there is "economic prejudice" to the

15  other unsecured creditors in Class 11 under the Plan.  If this

16  claim is allowed, Trustee contends, it will represent nine

17  percent (9%) of the total unsecured pool.  This means the

18  unsecured creditors with timely allowed claims will receive a

19  smaller distribution.

20      The court rejects this analysis. First, this is a

21  liquidating Plan.  Assets are being administered, litigation

22  pursued, and claims objections prosecuted.  An eventual "pool"

23  of funds will be the extent of distributions to the unsecured

24  creditors.  The court has not been presented with sound reasons

25  other creditors from the same class should receive a *pro rata*

26  distribution based on other than all allowed claims in the

27  class.

28

Second, permitting the claim to be filed now does not mean it will be allowed.  The court is not ruling on the *validity* of the underlying claim; just whether the claim can be filed at all.

Third, prejudice is not ordinarily found if a party must litigate a contested claim.  If this claim is permitted to be filed, Trustee may — and the court expects he will — vigorously contest the claim.  That is the Class 11 (unsecured creditors) "bargain" under the Plan.  No additional risk is assumed by those creditors if this claim is filed.  The distribution to Class 11 was always speculative.

*Length of delay and impact on proceedings* - This factor supports granting the motion.  This motion was filed very shortly after the court sustained Trustee's Objection to Mr. Santos' claim (see MB-91).[5]  The court sustained the objection without prejudice to claimant promptly filing a motion to allow a class claim.  Doc. #3237.  So, there is no delay between the court's ruling disallowing the Santos claim and the filing of this motion.

No detrimental effect on judicial proceedings results from granting the motion.  Though the Plan is confirmed here, and Trustee has made one disbursement, this case and the court's involvement is far from over.  There are at least two large nascent litigations affecting the value to be distributed to unsecured creditors.  To be sure, granting this motion results in more litigation.  But any interference with closing this case is not significantly attributable to this claim alone.

---

[5] The court issued extensive findings on this objection in its tentative ruling which was adopted and on the record.  Doc. #3235.

*Reason for delay within movant's control* – This factor supports denying the motion. As discussed, there is no significant delay between this motion and the court's disallowing the Gomez claim. But we are facing a new claim because of deficiencies within the control of counsel.

The decision to file a timely claim omitting the actual claimant was a class decision. Not asking leave to amend the first claim was a class decision. Not asking the court to reconsider disallowance of that claim was a class decision.

The movants explain these problems two ways. First, they claim Rule 3002(c)(6)(A) applies because all 250 class members were not included on the Master Address List filed by Debtor under Rule 1007(a). True enough, all class members never appeared on any filed Master Address List according to the docket. It is also true that the initial notice was returned to the court undeliverable because Gomez moved his office. That was later corrected.

None of that really matters. Debtor did timely comply with the requirement of Rule 1007(a) and named the class representatives in the list. More important, Gomez, incorrectly, filed a timely claim. So, the improper claim cannot be explained by Debtor inadvertence.

Movants contend second that they were never aware of the problems with the Gomez claim until Trustee objected to the claim. They assert Trustee's failure to mention these problems in a settlement conference caught them "off guard" because they did not know of the problems. See doc. ##3245, 3246. Implicit in that explanation is the assumption that Trustee had a duty in

a settlement conference to tell his opponent the problems with the claim. Movants cite no authority for that proposition.

Even stretching movant's explanation to support an estoppel argument is no help. No estoppel by silence results absent a duty to speak. *See* Olofsson v. Mission Linen Supply, 211 Cal. App. 4th 1236 (2012); *see also* Kipperman v. Dixson (In re Diego's Inc.), 88 F.3d 775, 778-79 (9th Cir. 1996) (applying California law on equitable estoppel precluding a claimant from raising a statute of frauds defense against a bankruptcy trustee); In re Mahan, 104 B.R. 300, 301 (Bankr. E.D. Cal. 1989) (debtor estopped from objecting to claims when debtor failed to disclose an asset of considerable value in schedules).

*Good faith of movant* - In these circumstances bad faith results not from negligence and carelessness but from "deviousness and willfulness." Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000). There is no evidence of bad faith by Movants here. Trustee does not raise the issue and the court cannot see a basis for such a finding.

Considering the circumstances here and recognizing that the decision is an equitable one, application of Pioneer here supports granting the motion to permit the filing of the claim.

That said, Trustee raises another issue. Trustee contends the filing of the "new claim" now is barred by the *res judicata* effect of Plan confirmation.

///
///
///
///

2.  Claim preclusion effect of plan confirmation is
inapplicable.

Section 1141(a) provides that the provisions of a confirmed
plan bind the debtor and "any creditor."  There is no dispute
that the class representatives were creditors at the time of
confirmation.  So, if the class had notice adequate to satisfy
due process it would be bound by the plan.  M & I Thunderbird
Bank v. Birmingham (In re Consol. Water Utils., Inc.), 217 B.R.
588, 590 (B.A.P. 9th Cir. 1998) ("[A]s long as due process is
complied with, a confirmed plans binds all entities that hold a
claim or interest, even if they are not scheduled, have not
filed a claim, have not received a distribution under the plan
or are not permitted to retain an interest under such plan").

In contrast, if class members did not receive notice
satisfying due process, they would not be bound by the plan
terms.  Levin v. Maya Constr. (In re Maya Constr. Co.), 78 F.3d
1395, 1398 (9th Cir. 1996) (creditor whose claim known to debtor
but not served with notice of time fixed for filing plan
objections, confirmation hearing, and other relevant notices not
bound by the plan).  There is no dispute here that all the class
members did not receive notice.  Some did.  Class counsel
received notice.  This means the omitted class members are not
bound by the confirmed plan.

Even so, the plan itself provides the court can permit
filing a late claim.  Section 8.2.  The class claim is disputed
as defined by the plan.  The class claim is in Class 11 -
unsecured, if allowed.  Section 2.14.  Any distribution would be
*pro rata.*  Section 5.9.  Trustee can object to claims (section

8.3) and compromise them (section 6.8).  In the end, if the
class is bound by the plan, the class is in exactly the position
it would be if the claim was proper in the first place.

The plan and disclosure statement here cannot fairly be
read to constitute a claim objection resolved in Trustee's favor
upon plan confirmation.  Nothing in the plan or disclosure
statement specifically alerts the class or other parties in
interest to the grounds for objection to class claim allowance.
See Varela v.  Dynamic Brokers, Inc. (In re Dynamic Brokers,
Inc.), 293 B.R. 489, 496-97 (B.A.P. 9th Cir. 2003) (disfavoring
claim objection litigation at plan confirmation but noting, if
permitted, specific notice needed "not buried in a disclosure
statement or plan provision").

Lack of specific notice in the plan documents often leads
to problems with the plan proponent's post confirmation
litigation.  See e.g., Heritage Hotel Ltd. P'ship I v. Valley
Bank (In re Heritage Hotel Ltd. P'ship I), 160 B.R. 374, 377
(B.A.P. 9th Cir. 1993) (debtor barred from pursuing lender
liability claim when neither plan nor disclosure statement
disclosed the claim).  Trustee here contends the claim should
not be permitted because of plan confirmation.  But there is no
reason to avoid a merits analysis when the claim was not
specifically adjudicated at the plan confirmation stage.

The lack of specific treatment of the class claim in the
plan and disclosure statement here is what distinguishes the
authority Trustee cites on this issue.  Nugent v. Am. Broad.
Sys., 1 F.App'x. 633, 634 (9th Cir. 2001) (assertion of
constructive trust theory against sales proceeds allocated under

confirmed plan precluded because plan "specifically addresse[d] the claim [at issue]"); Trulis v. Barton, 107 F.3d 685, 691 (9th Cir. 1995) (affirming summary judgment for defendants since release provisions in confirmed plan "expressly apply" to prevailing parties); Lauren Assocs. v. Reid (In re Cal. Litfunding), 360 B.R. 310, 323 (Bankr. C.D. Cal. 2007) (release of claims "clearly integrated and provided for in the plan").

The court is not persuaded claim preclusion applies here. A "final judgment on the merits," among other things, is a necessary requisite to claim preclusion. Bankr. Recovery Network v. Garcia (In re Garcia), 313 B.R. 307 (B.A.P. 9th Cir. 2004) (citations omitted); Stewart v. United States Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). Claim preclusion is a defense and the party asserting it has the burden of proving all elements and negating any exceptions. Vella v. Hudgins, 20 Cal. 3d 251, 257 (1977); Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 n. 4 (9th Cir. 1988) (abrogated on other grounds); Alary Corp. v. Sims (In re Associated Vintage Grp., Inc.), 283 B.R. 549, 562 (B.A.P. 9th Cir. 2002). Doubts whether claim preclusion applies are resolved against preclusion. Id. at 558 (citing Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1988)).

Trustee's burden has not been met here. For reasons outlined above, confirmation of the plan does not satisfy the "finality" requirement of claim preclusion. Further, the plan itself contemplates the court permitting claim amendments. Also, the plan outlines the vagaries of the

amount of creditor distributions.  Claim preclusion does not mean a claim amendment is inappropriate now.  Movants may file an amended claim.

### 3. Allowance of a class claim

Now that the court has determined that Movants may file a new claim under the _Pioneer_ case, because it is a class claim there are two more analyses the court must make.  Both are outlined in _In re Musicland Holding Corp._, 362 B.R. 644 (Bankr. S.D.N.Y. 2007).

First, Claimants must (1) make a motion to extend the application of Civil Rule 23 to some contested matter, (2) satisfy the requirements of Rule 23, and (3) show that the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy.  _Id._ at 651; _see also_ _In re Woodward & Lothrop Holdings, Inc._, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997).

Second, in deciding "whether to extend the application of [Civil] Rule 23 to a proof of claim," the court must take in to consideration whether the class was certified pre-petition, whether the members of the putative class received notice of the bar date, and whether class certification will adversely affect the administration of the case.  _Musicland_, 362 B.R. at 654-55.

But "careful consideration of the _Musicland_ factors is necessary because 'class certification may be "less desirable in bankruptcy than in ordinary civil litigation."'  _In re Verity Health Sys. of Cal._, No. 2:18-bk-20151-ER, 2019 Bankr. LEXIS 1818, at *20-21 (Bankr. C.D. Cal. June 11, 2019).  Courts within

the Ninth Circuit have been at odds on how to handle class claims.  See First All. Mortg. Co. v. First All. Mortg. Co., 269 B.R. 428 (C.D. Cal. 2001), 269 B.R. 428, 445 (C.D. Cal. 2001) (holding that "the party opposing the use of class devices [bears] the burden); but see In re Aughney, No. 10-12666, 2011 Bankr. LEXIS 355, 2011 WL 479010, at *1 (Bankr. N.D. Cal. Feb. 4, 2011) (holding that class claims can be allowed "especially where a class was certified before bankruptcy or principles of equity and simple justice militate in favor of a claim being pursued on behalf of a class); see also In re Westfall, No. 06-CV-02343-BENNLS, 2007 U.S. Dist. LEXIS 67331, 2007 WL 2700951, at *4 (S.D. Cal. Sept. 11, 2007) (upholding the bankruptcy court's denial of class certification because "bankruptcy courts have broad discretion to allow or disallow such class claims."). The Verity court ultimately declined to follow First Alliance, finding courts outside the Ninth Circuit have also declined to do so because it was "appropriate for the Bankruptcy Court to weigh 'the benefits and costs of class litigation against the efficiencies created by the bankruptcy claims resolution process.'" Verity, 2019 Bankr. LEXIS 1818 at *22-23 (citing Gentry v. Siegel, 668 F.3d 83, 92 (4th Circ. 2012)).

### A. Extension of Rule 7023

Rule 7023 may only be invoked in adversary proceedings.  If the court permits, Rule 7023 may be extended to contested matters.  Claim objections are contested matters.  Rule 9014.

"When an objection is made to a filed proof of claim . . . a contested matter arise(s)."  In re Charter Co., 876 F.2d 866,

874 (11th Cir. 1989).<sup>6</sup>  Therefore the "first opportunity [a claimant] has to move under Bankruptcy Rule 9014, to request application of Bankruptcy Rule 7023, occurs when an objection is made to a proof of claim." <u>Id.</u>  The facts of this matter closely mirror those in <u>Charter</u>.  There the court held that there was no undue delay.  The same is true here.  <u>See also Birting Fisheries v. Lane (In re Birting Fisheries)</u>, 178 B.R. 849, 580 (D. W. Wash. 1995), <u>In re Sequoia Senior Sols., Inc.</u>, No. 16-11036, 2017 Bankr. LEXIS 1606, at *4 (Bankr. N.D. Cal. June 9, 2017).

Since the motion is timely, the court now moves to the substantial analysis.  The leading case on class claim analysis, cited both by Movants and Ninth Circuit authority, is <u>In re Musicland Holding Corp.</u>, 362 B.R. 644 (Bankr. S.D.N.Y. 2007).  Movant must make a motion to extend the application of Civil Rule 23, satisfy the rules requirements, and "show that the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy." <u>Id.</u> at 651.

**B. "Musicland" and Civil Rule 23 analysis**

Movant must meet the two prongs of Civil Rule 23 to becoming class-certified under this rule. Civil Rule 23(a) has four requirements:

1. The class is so numerous that joinder of all members is impracticable;

---

<sup>6</sup> In the Ninth Circuit, the filing of a claim objection initiates a contested matter under Rule 9014 which must be resolved after notice and opportunity for hearing.  <u>Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)</u>, 223 F. 3d 1035, 1039 (9th Cir. 2000).

2. There are questions of law or fact common to the class
   (i.e. ascertainable);

3. The claims or defenses of the representative parties are
   typical of the claims or defenses of the class
   ("typicality"); and

4. The representative parties will fairly and adequately
   protect the interests of the class.

Additionally, the class action must comply with Civil Rule
23(b), which states:

A class action may be maintained if Rule 23(a) is
satisfied and if:

(1) prosecuting separate actions by or against
individual class members would create a risk of:

   (A) inconsistent or varying adjudications with
   respect to individual class members that would
   establish incompatible standards of conduct for
   the party opposing the class; or

   (B) adjudications with respect to individual
   class members that, as a practical matter, would
   be dispositive of the interests of the other
   members not parties to the individual
   adjudications or would substantially impair or
   impede their ability to protect their interests;

(2) the party opposing the class has acted or refused
to act on grounds that apply generally to the class,
so that final injunctive relief or corresponding
declaratory relief is appropriate respecting the class
as a whole; or

(3) the court finds that the questions of law or fact
common to class members predominate over any questions
affecting only individual members, and that a class
action is superior to other available methods for
fairly and efficiently adjudicating the controversy.
The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

The court notes the class was certified pre-petition by the Kings County Superior Court, but the federal requirements for class certification are different, so the court must separately analyze the class certification under Civil Rule 23. See Cal. Civ. P. § 382.

1. Civil Rule 23(a)

The court finds that the class meets the prerequisites of Civil Rule 23(a).

*The class is "so numerous that joinder of all members is impracticable"* - The class is composed of 257 dairy workers. Trustee admits that numerosity is met. Doc. #3265.

*There are questions of law or fact common to the class and the class is ascertainable* - Trustee argues that the class is not ascertainable because the class consists of all former employees. Doc. #3265. Movants rebut, stating that there are six ascertainable classes: an overtime wages class, a meal period class, a rest period class, a wage statement class, a terminated employees class, and a restitutions class. Doc. #3271. Each class is specifically defined, contrary to

Trustee's assertion that "Claimant's class claim consists of *all*
former employees." Doc. #3265.  This is distinguishable from
the case Trustee cites, <u>McCaster v. Darden Rests., Inc.</u> 845 F.3d
794 (7th Cir. 2017).  The court there did not certify the class
because the proposed class consisted of "*all* separated employees
. . . ." <u>Id.</u> at 800-01.

    *Typicality* – This requirement is met.  The typicality test
"is whether other members have the same or similar injury,
whether the action is based on conduct which is not unique to
the named plaintiffs, and whether other class members have been
injured by the same course of conduct." <u>Hanon v. Dataproducts
Corp.</u>, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).
The court in <u>Hanon</u> denied certification under typicality because
the representative's "unique background and factual situation
require him to prepare to meet defenses that are not typical of
the defenses which may be raised against other members of the
proposed class." <u>Id.</u>

    Trustee argues that Movants have not met this requirement.
Movants refer to exhibit 6, the compendium of putative class
member declarations.  Doc. #3253.  The court finds after review
of the declarations that Movants have met the typicality
requirement.  The nine declarations of members, and the four
declarations of the class representatives, claim that while
employed by Debtor, the declarants' lunch breaks were shorter
than required, they did not receive a second required meal break
after working more than 10 hours, they were not paid overtime,
and their paystubs did not reflect time worked or the pay rate.

Without ruling on the validity of the claims, these are
sufficiently similar to meet the typicality requirement.

     *Fairly and adequately protect the interests of the class* -
The court must find if "the named plaintiffs and their counsel
have any conflicts of interest with other class members" and if
"the named plaintiffs and their counsel [will] prosecute the
action vigorously on behalf of the class." Dunleavy v. Nadler
(In re Mego Fin. Corp. Sec. Litig.), 213 F.3d 454, 462 (9th Cir.
2000) (citation omitted).

     The court finds that this last requirement has been met.
Movants' counsel has shown that they do not have any conflicts
of interest with other class members and the declarations show,
and the court takes judicial notice of the pre-petition and
post-petition work done as evidence as well, that the named
plaintiffs and their counsel will prosecute the action
vigorously on behalf of the class. Attorney Gregory Karasik has
been a plaintiff class action attorney for at least 14 years in
California and has obtained millions of dollars in judgments and
successfully appealed before the Ninth Circuit. Doc. #3245.
Attorney Santos Gomez has extensive experience in litigating
wage and hour class actions in the state, having done so for
approximately 14 years. Doc. #3246. The record does not show
any conflicts between the class representatives, the class
counsel, and the class members. The court finds that the
criteria of Civil Rule 23(a) have been met.
///
///
///

2. <u>Civil Rule 23(b)</u>

Trustee contends that Movants have not met this requirement.  Doc. #3265.  In reply, Movants state they have met the requirement under Civil Rule 23(b)(3).  Doc. #3271.  The court finds the following.  The class members' interest in individually controlling the prosecution or defense of separate actions weighs in favor of the class.  The individual claims would likely not amount to sums that would justify the legal costs of pursuing the claims, which would prevent them from obtaining the relief sought and having a fair chance at obtaining that relief.  There is nothing in the record to indicate that any litigation concerning the controversy has begun by or against any of the class members.  It is also very desirable to concentrate the litigation of the claims in the bankruptcy court.  Debtor has been in bankruptcy for over two years now and will likely not be exiting anytime soon due to the other claims being litigated in the court.  And finally, it would not be difficult in managing a class action.  This bankruptcy case has 72 claims totaling over $154 million dollars and five open adversary proceedings.  For the above reasons, the court finds that Claimants have met the first analysis under <u>Musicland</u>.

<u>C. Substantial Musicland Factor Analysis</u>

Movants claim to have met all these factors.  First, there is no doubt that the class was certified pre-petition.  <u>See</u> doc. #3245, 3246, doc. #3254.  Second, members of the putative class did not receive notice of the bar date.  As explained

1　previously, only the class representatives and Gomez received

2　notice.  Third, Movants claim that the court previously stated

3　that allowance of the class claim at this stage "will not affect

4　creditor distributions."  Doc. #3235.  However, that is taken

5　out of context.  The court's minutes fully states "if the class

6　claim is *procedurally* allowed, it will not affect creditor

7　distributions.  Only after the merits are considered, if they

8　are considered, will other creditors be impacted."  Id.

9　　　　Trustee argues that 1.) the claim is fatally flawed, 2.)

10　the motion is untimely and barred by res judicata because of the

11　confirmed plan, and 3.) the third Musicland factor weighs

12　against the filing of a class claim.  Doc. #3265.

13　　　　As to Trustee's first argument, the court does not find it

14　persuasive. The objection has been sustained on Gomez's claim.

15　Gomez admits as much.  See doc. #3271, p.1, ¶¶15-19.  Movants

16　are requesting leave to file a new class claim, not amend or

17　revive the previously sustained flawed claim.

18　　　　As to Trustee's second argument, the court finds that the

19　motion itself is timely, and as previously explained, res

20　judicata does not apply.

21　　　　Third, the factor of whether class certification will

22　adversely affect the administration of the case, the court finds

23　this neutral.  The $2,000.000.00 claim represents slightly over

24　1% of the total claim amount.  Allowing this claim, an unsecured

25　claim, would have a marginal effect on case administration.  The

26　disclosure statement predicts a distribution to unsecured

27　creditors in the range of 18% to 100%.  Doc. #2646, § III.

28　Trustee states "Creditors should assume a recovery on the low

side of this range." Assuming the claim is valid and Claimants prevail at trial, it is more realistic that Claimants will recover an amount closer to $500,000.00 if that. As explained above, there are several adversary proceedings open that will be vigorously litigated. This case is not near closing. At the hearing on this motion held on June 30, 2020, it also appeared that Trustee dropped the argument that the estate would be prejudiced.

<u>CONCLUSION</u>

The court finds that Movants have met the <u>Musicland</u> factors. Leave to file a class claim is GRANTED. This ruling in no way reflects on the validity of the claim. Movants must properly file and serve a valid class claim in accordance with this ruling within 14 days of the entry of the order on this motion, which will separately issue.

**Dated:** Jul 15, 2020                              **By the Court**

René Lastreto II, Judge
United States Bankruptcy Court

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

    The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

Gregory John te Velde
5850 Avenue 160
Tipton CA 93272

Randy Sugarman
583 1st St W
Sonoma CA 95476

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

John H. MacConaghy
645 First St., West, Suite D
Sonoma CA 95476

Michael B. Collins
326 SE 2nd St
Pendleton OR 97801

Samantha Smith
1003 Freedom Blvd
Watsonville CA 95076